UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**05 10976 WGY**

| | |
|---|---|
| RONALD PERRY, JEAN CAPOBIANCO, and RICHARD SYREK, <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC., and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY, <br><br> Defendants. | MAGISTRATE JUDGE _____ <br><br> JURY DEMANDED <br><br> RECEIPT # _____ <br> AMOUNT $ _____ <br> SUMMONS ISSUED _____ <br> LOCAL RULE 4.1 _____ <br> WAIVER FORM _____ <br> MCF ISSUED _____ <br> BY DPTY. CLK _____ <br> DATE _____ |

**COMPLAINT**

### I. INTRODUCTION

1. The Plaintiffs, Ronald Perry, Jean Capobianco, and Richard Syrek, worked as delivery drivers for the Defendant, FedEx Ground Package System, Inc., or FedEx Home Delivery, a division of FedEx Ground (both referred to here as "FedEx"). Although FedEx classified them as independent contractors, they were in fact employees of FedEx, under state and federal law. They were not at-will employees; instead, their employment relationship with FedEx was governed by a contract containing a provision allowing termination of their contracts for enumerated reasons only. FedEx breached their contracts by terminating them without cause, or for reasons not permitted by their contracts. In addition, by terminating the employment contract of Ronald Perry, FedEx discriminated against

him based upon his handicap in violation of Mass. Gen. L. ch. 151B § 4 and/or Mass. Gen. L. c. 93 § 103.

## II. PARTIES

2. Plaintiff Ronald Perry is an adult resident of North Dartmouth, Massachusetts. Mr. Perry was employed as a delivery driver for FedEx Home Delivery from May 2002 until June 2003.

3. Plaintiff Jean Capobianco is an adult resident of Brockton, Massachusetts. Ms. Capobianco was employed as a delivery driver for FedEx Ground from approximately 2000 to October 2004.

4. Plaintiff Richard Syrek is an adult resident of East Falmouth, Massachusetts. Mr. Syrek was employed as a delivery driver for FedEx Home Delivery from May 2003 until his termination in September 2004.

5. Defendant FedEx Ground Package System, Inc. and its division, FedEx Ground Package System, Inc. d/b/a FedEx Home Delivery (hereinafter collectively referred to as "FedEx") is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania.

## III. JURISDICTION

6. Jurisdiction is invoked in this Court pursuant to 28 U.S.C. §1332(a), as there is diversity of citizenship between the Plaintiffs and the Defendant, and the matter in controversy exceeds the value of $75,000.

## IV. STATEMENT OF FACTS

### A. Background Relating to the Contracts Between Plaintiffs and FedEx

7. Each Plaintiff was party to a form contract with FedEx establishing the terms and conditions of employment of the Plaintiffs.

2

8. The form contract between the Plaintiffs and the Defendant states that the Defendant may unilaterally terminate the contract only if the Plaintiff engages in or allows certain intentional misconduct or reckless or willfully negligent conduct in the operation of company equipment, or if the Plaintiff "breaches or fails to perform the contractual obligations imposed by th[e] Agreement."

9. Though the contracts labeled the Plaintiffs as independent contractors, the control manifested over the Plaintiffs by the Defendant, as well as other relevant factors under state and federal law, demonstrates that the Plaintiffs were employees rather than independent contractors. As such, the Defendant is an employer subject to the requirements of Mass. Gen. L. c. 151B with respect to the Plaintiffs.

B.   Facts Relating to Plaintiff Ronald Perry

10. On or about May 3, 2003, Plaintiff Ronald Perry suffered an on-the-job back injury when he stepped into a pothole, thus rendering him handicapped under Chapter 151B pursuant to Mass. Gen. L. c. 152 § 75B. Mr. Perry reported his injury to the Terminal Manager at the Defendant's Wareham, Massachusetts, facility.

11. Mr. Perry remained out of work until May 28, 2003, the day after his doctor cleared him to return to work.

12. At no time did Mr. Perry engage in or allow any intentional misconduct or reckless or willfully negligent conduct relating to the use of company equipment.

3

13. At no time did Mr. Perry breach or fail to perform the contractual obligations imposed on him by the form contract.

14. The Defendant unilaterally terminated Mr. Perry's contract on or about June 4, 2003, for no reason permitted by his contract.

15. The Defendant discharged Mr. Perry from employment due to his handicap: his on-the job injury.

16. Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 151B, Mr. Perry has exhausted his administrative remedy by filing his discrimination claims with the Massachusetts Commission Against Discrimination.

C. Facts Relating to Plaintiff Jean Capobianco

17. In or about August 2004, Plaintiff Jean Capobianco was diagnosed with ovarian cancer. Ms. Capobianco reported her diagnosis to the Terminal Manager at the Defendant's Brockton, Massachusetts, facility.

18. Due to her cancer, Ms. Capobianco was forced to go out of work to undergo surgery and further cancer treatments, which she reported to the Defendant, through its supervisory and management officials. In this regard, Ms. Capobianco requested to go on a medical leave of absence, but the Defendant never responded to her request.

19. At no time did Ms. Capobianco engage in or allow any intentional misconduct or reckless or willfully negligent conduct relating to the use of company equipment.

4

20. At no time did Ms. Capobianco breach or fail to perform the contractual obligations imposed on her by the form contract.

21. The Defendant unilaterally terminated Ms. Capobianco's contract on or about October 26, 2004, while she was still out on medical leave, for no reason permitted by her contract.

D. <u>Facts Relating to Plaintiff Richard Syrek</u>

22. In or around September 2004, Mr. Syrek was terminated for allegedly not properly reporting an accident. However, he did in fact report the accident at issue.

23. Mr. Syrek did not violate any term of his contract with FedEx.

24. At no time did Mr. Syrek engage in or allow any intentional misconduct or reckless or willfully negligent conduct relating to the use of company equipment.

25. At no time did Mr. Syrek breach or fail to perform the contractual obligations imposed on him by the form contract.

26. The Defendant unilaterally terminated Mr. Syrek's contract on or about September 8, 2004, for no reason permitted by his contract.

27. All of the Plaintiffs suffered significant damages because of the termination of their contracts. These damages include, not only their lost pay and emotional distress, but also loss of investments they made in their employment, such as purchasing or leasing their delivery trucks and other investments.

## COUNT I

Defendant's conduct as set forth above, in unilaterally terminating the Plaintiffs' contracts for no reason permitted by their contract, constitutes breach of contract under state common law.

## COUNT II

### MASSACHUSETTS GENERAL LAWS CHAPTER 151B § 4

Defendant's conduct as set forth above, in terminating Mr. Perry due to his handicap, violates Mass. Gen. L. c. 151B, § 4.

## COUNT III

### MASSACHUSETTS GENERAL LAWS CHAPTER 93 § 103

Defendant's conduct as set forth above, in terminating Mr. Perry due to his handicap, violates Mass. Gen. L. c. 93 § 103.

## JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief: all damages resulting from the Defendant's breach of contract with the Plaintiffs, as well as any other relief to which the Plaintiffs may be entitled, including reinstatement, back pay, front pay, lost benefits, emotional distress damages, punitive damages, and attorneys' fees and costs.

Respectfully submitted,

RONALD PERRY, JEAN CAPOBIANCO,
and RICHARD SYREK,

By their attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, BBO #640716
Alfred Gordon, BBO #630456
PYLE, ROME, LICHTEN, EHRENBERG
    & LISS-RIORDAN, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Dated:   May 11, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Ronald Perry et. al v. FedEx Ground Package System, Inc. et. al

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   __   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   X    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   __   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   __   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES    (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Shannon Liss-Riordan
ADDRESS  Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, 18 Tremont St., Boston, MA 02108
TELEPHONE NO.  617-367-7200

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)   **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Ronald Perry, Jean Copabianco, and Richard Syrek

**DEFENDANTS**
FedEx Ground Package System, Inc., and FedEx Ground Package System, Inc. d/b/a FedEx Home Delivery

(b) County of Residence of First Listed Plaintiff __Bristol__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Shannon Liss-Riordan
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan
18 Tremont Street, 5th Fl., Boston, MA 02108
617-367-7200

Attorneys (If Known)
Gary D. Dunbar, Esq.
FedEx Ground
1000 FedEx Drive
Moon Township, PA 05108

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage |  | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
|  |  | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of Contract, 28 U.S.C. Sec. 1332 (a)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 5/11/05   SIGNATURE OF ATTORNEY OF RECORD _Shannon Liss-Riordan_

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____