UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD PERRY, JEAN CAPOBIANCO, and RICHARD SYREK, <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC., and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY, <br><br> Defendants. | 05-10976 WGY <br><br> **JURY DEMANDED** |

## FIRST AMENDED COMPLAINT

**I.   INTRODUCTION**

1.  The Plaintiffs, Ronald Perry, Jean Capobianco, and Richard Syrek, worked as delivery drivers for the Defendant, FedEx Ground Package System, Inc., or FedEx Home Delivery, a division of FedEx Ground (both referred to here as "FedEx"). Although FedEx classified them as independent contractors, they were in fact employees of FedEx, under state and federal law. They were not at-will employees; instead, their employment relationship with FedEx was governed by a contract containing a provision allowing termination of their contracts for enumerated reasons only. FedEx breached their contracts by terminating them without cause, or for reasons not permitted by their contracts. In addition, by terminating the employment contract of Ronald Perry, FedEx discriminated against

him based upon his handicap in violation of Mass. Gen. L. ch. 151B § 4 and/or Mass. Gen. L. c. 93 § 103.

## II. PARTIES

2. Plaintiff Ronald Perry is an adult resident of North Dartmouth, Massachusetts. Mr. Perry was employed as a delivery driver for FedEx Home Delivery from May 2002 until June 2003.

3. Plaintiff Jean Capobianco is an adult resident of Brockton, Massachusetts. Ms. Capobianco was employed as a delivery driver for FedEx Ground from approximately 2000 to October 2004.

4. Plaintiff Richard Syrek is an adult resident of East Falmouth, Massachusetts. Mr. Syrek was employed as a delivery driver for FedEx Home Delivery from May 2003 until his termination in September 2004.

5. Defendant FedEx Ground Package System, Inc. and its division, FedEx Ground Package System, Inc. d/b/a FedEx Home Delivery (hereinafter collectively referred to as "FedEx") is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania.

## III. JURISDICTION

6. Jurisdiction is invoked in this Court pursuant to 28 U.S.C. §1332(a), as there is diversity of citizenship between the Plaintiffs and the Defendant, and the matter in controversy exceeds the value of $75,000.

## IV. STATEMENT OF FACTS

### A. Background Relating to the Contracts Between Plaintiffs and FedEx

7. Each Plaintiff was party to a form contract with FedEx establishing the terms and conditions of employment of the Plaintiffs.

8. The form contract between the Plaintiffs and the Defendant states that the Defendant may unilaterally terminate the contract only if the Plaintiff engages in or allows certain intentional misconduct or reckless or willfully negligent conduct in the operation of company equipment, or if the Plaintiff "breaches or fails to perform the contractual obligations imposed by th[e] Agreement."

9. Though the contracts labeled the Plaintiffs as independent contractors, the control manifested over the Plaintiffs by the Defendant, as well as other relevant factors under state and federal law, demonstrates that the Plaintiffs were employees rather than independent contractors. As such, the Defendant is an employer subject to the requirements of Mass. Gen. L. c. 151B with respect to the Plaintiffs.

B. <u>Facts Relating to Plaintiff Ronald Perry</u>

10. On or about May 3, 2003, Plaintiff Ronald Perry suffered an on-the-job back injury when he stepped into a pothole, thus rendering him handicapped under Chapter 151B pursuant to Mass. Gen. L. c. 152 § 75B. Mr. Perry reported his injury to the Terminal Manager at the Defendant's Wareham, Massachusetts, facility.

11. Mr. Perry remained out of work until May 28, 2003, the day after his doctor cleared him to return to work.

12. At no time did Mr. Perry engage in or allow any intentional misconduct or reckless or willfully negligent conduct relating to the use of company equipment.

13. At no time did Mr. Perry breach or fail to perform the contractual obligations imposed on him by the form contract.

14. The Defendant unilaterally terminated Mr. Perry's contract on or about June 4, 2003, for no reason permitted by his contract.

15. The Defendant discharged Mr. Perry from employment due to his handicap: his on-the job injury.

16. Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 151B, Mr. Perry has exhausted his administrative remedy by filing his discrimination claims with the Massachusetts Commission Against Discrimination.

C. <u>Facts Relating to Plaintiff Jean Capobianco</u>

17. In or about August 2004, Plaintiff Jean Capobianco was diagnosed with ovarian cancer. Ms. Capobianco reported her diagnosis to the Terminal Manager at the Defendant's Brockton, Massachusetts, facility.

18. Due to her cancer, Ms. Capobianco was forced to go out of work to undergo surgery and further cancer treatments, which she reported to the Defendant, through its supervisory and management officials. In this regard, Ms. Capobianco requested to go on a medical leave of absence, but the Defendant never responded to her request.

19. At no time did Ms. Capobianco engage in or allow any intentional misconduct or reckless or willfully negligent conduct relating to the use of company equipment.

20. At no time did Ms. Capobianco breach or fail to perform the contractual obligations imposed on her by the form contract.

21. The Defendant unilaterally terminated Ms. Capobianco's contract on or about October 26, 2004, while she was still out on medical leave, for no reason permitted by her contract.

22. It would not have been an undue burden for Defendant to have allowed Ms. Capobianco the medical leave she required.

D. <u>Facts Relating to Plaintiff Richard Syrek</u>

23. In or around September 2004, Mr. Syrek was terminated for allegedly leaving the scene of an accident without following the proper FedEx protocol.

24. Mr. Syrek did not in fact violate any term of his contract with FedEx.

25. At no time did Mr. Syrek engage in or allow any intentional misconduct or reckless or willfully negligent conduct relating to the use of company equipment.

26. At no time did Mr. Syrek breach or fail to perform the contractual obligations imposed on him by the form contract.

27. The Defendant unilaterally terminated Mr. Syrek's contract on or about September 8, 2004, for no reason permitted by his contract.

28. All of the Plaintiffs suffered significant damages because of the termination of their contracts. These damages include, not only their lost pay and emotional distress, but also loss of investments they made in their employment, such as purchasing or leasing their delivery trucks and other investments.

## COUNT I

Defendant's conduct as set forth above, in unilaterally terminating the Plaintiffs' contracts for no reason permitted by their contract, constitutes breach of contract under state common law.

## COUNT II

### MASSACHUSETTS GENERAL LAWS CHAPTER 151B § 4

Defendant's conduct as set forth above, in terminating Mr. Perry and Ms. Capobianco due to their handicaps, violates Mass. Gen. L. c. 151B, § 4.

## COUNT III

### MASSACHUSETTS GENERAL LAWS CHAPTER 93 § 103

Defendant's conduct as set forth above, in terminating Mr. Perry and and Ms. Capobianco due to their handicaps, violates Mass. Gen. L. c. 93 § 103.

## JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief: all damages resulting from the Defendant's breach of contract with the Plaintiffs, as well as any other relief to which the Plaintiffs may be entitled, including reinstatement, back pay, front pay, lost benefits, emotional distress damages, punitive damages, and attorneys' fees and costs.

Respectfully submitted,

RONALD PERRY, JEAN CAPOBIANCO, and RICHARD SYREK,

By their attorneys,

*Shannon Liss-Riordan/BL*

Shannon Liss-Riordan, BBO #640716
Alfred Gordon, BBO #630456
Stephen Young, BBO #662914
PYLE, ROME, LICHTEN, EHRENBERG
& LISS-RIORDAN, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Dated:      September 7, 2005