UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RONALD PERRY, JEAN CAPOBIANCO** and **RICHARD SYREK,** | )<br>)<br>)<br>) |
| *Plaintiffs,* | )<br>)    CIVIL ACTION NO. 05-10976-WGY<br>) |
| v. | )<br>)<br>) |
| **FEDEX GROUND PACKAGE SYSTEM, INC. and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY,** | )<br>)<br>)<br>)<br>) |
| *Defendants.* | )<br>)<br>)<br>)<br>) |

**ANSWER AND AFFIRMATIVE DEFENSES OF
FEDEX GROUND PACKAGE SYSTEM, INC. TO
PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("FedEx Ground")[1] and files this Answer to the "Plaintiffs' First Amended Complaint" (the "Complaint") served by Plaintiffs RONALD PERRY, JEAN CAPOBIANCO, and RICHARD SYREK (collectively, the "Plaintiffs"). Except as expressly admitted below, Defendant denies the allegations of Plaintiffs' Complaint.

**I. INTRODUCTION**

1.     Defendant denies each and every allegation contained in Paragraph 1 of the

---

[1] FedEx Home Delivery is a division of FedEx Ground.

Complaint.

## II.  PARTIES

2. Defendant lacks sufficient knowledge with respect to Plaintiff Perry's residency and on that basis denies that allegation in Paragraph 2 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant lacks sufficient knowledge with respect to Plaintiff Capobianco's residency and on that basis denies that allegation in Paragraph 3 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant lacks sufficient knowledge with respect to Plaintiff Syrek's residency and on that basis denies that allegation in Paragraph 4 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that FedEx Ground Package System, Inc. ("FedEx Ground") is incorporated in Delaware and that its principal place of business is in Moon Township, Pennsylvania, just outside of Pittsburgh.  Defendant also admits that FedEx Home Delivery is a division of FedEx Ground.

## III.  JURISDICTION

6. Defendant admits that subject matter jurisdiction is proper, but denies the remaining allegations, and specifically denies that plaintiffs are entitled to any recovery.

## IV.  STATEMENT OF FACTS

A. <u>Background Relating to the Contracts between Plaintiffs and FedEx</u>

7. Defendant admits that each Plaintiff entered into a contract with FedEx Ground or its FedEx Home Delivery division and denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant alleges that the terms of the contracts entered into by Plaintiffs speak for themselves and denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant denies each and every allegation contained in Paragraph 9 of the Complaint.

B. <u>Facts Relating to Plaintiff Ronald Perry</u>

10. Defendant lacks sufficient knowledge to form a belief as to the injury alleged in Paragraph 10 of the Complaint, and on that basis denies that allegation. Defendant admits that Plaintiff Perry reported an injury to a senior manager, and denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant lacks sufficient knowledge to form a belief as to the allegations contained in Paragraph 11 of the Complaint, and on that basis denies the same, except Defendant admits that Plaintiff Perry did not personally service his route for a period of time in May 2003.

12. Defendant denies each and every allegation in Paragraph 12 of the Complaint.

13. Defendant denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Defendant denies each and every allegation contained in Paragraph 14 of the

Complaint.

15. Defendant denies each and every allegation contained in Paragraph 15 of the Complaint.

16. Defendant lacks sufficient knowledge to form a belief as to the allegations contained in Paragraph 16 of the Complaint, and on that basis denies the same.

C. <u>Facts Relating to Plaintiff Jean Capobianco</u>

17. Defendant lacks sufficient knowledge to form a belief as to the allegations contained in Paragraph 17 of the Complaint, and on that basis denies the same, except Defendant admits that Plaintiff Capobianco told a senior manager that she was diagnosed with ovarian cancer.

18. Defendant lacks sufficient knowledge to form a belief as to the allegations contained in the first sentence Paragraph 18 of the Complaint, and on that basis denies the same, except Defendant admits Plaintiff Capobianco told a senior manager of her need for certain medical treatment and that she told another manager that she would be unable to personally service her route for some period of time.  Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. While investigation continues, Defendant admits that it is aware of no instance in which Plaintiff Capobianco engaged in or allowed any intentional misconduct or reckless or willfully negligent conduct relating to the use of company equipment.

20. Defendant denies each and every allegation contained in Paragraph 20 of the Complaint.

21. Defendant denies each and every allegation contained in Paragraph 21 of the

Complaint.

22. Defendant denies each and every allegation contained in Paragraph 22 of the Complaint.

D. <u>Facts Relating to Plaintiff Richard Syrek</u>

23. Defendant denies each and every allegation contained in Paragraph 23 of the Complaint.

24. Defendant denies each and every allegation contained in Paragraph 24 of the Complaint.

25. Defendant denies each and every allegation contained in Paragraph 25 of the Complaint.

26. Defendant denies each and every allegation contained in Paragraph 26 of the Complaint.

27. Defendant denies each and every allegation contained in Paragraph 27 of the Complaint.

28. Defendant denies each and every allegation contained in Paragraph 28 of the Complaint.

## **Count I**

Defendant denies each and every allegation contained in Count I of the Complaint.

## **Count II**

Defendant denies each and every allegation contained in Count II of the Complaint.

## **Count III**

Defendant denies each and every allegation contained in Count III of the Complaint.

**Jury Demand**

Defendant admits Plaintiffs' request is as stated.

**WHEREFORE PARAGRAPH**

Defendant denies that Plaintiffs are entitled to any and all of the relief contained in the paragraph beginning "WHEREFORE" on page 7 of the Complaint, incorporate by reference the affirmative defenses set out below, and seek dismissal of this action with prejudice, with Plaintiffs bearing Defendant's costs and fees of this litigation.

* * *

**AFFIRMATIVE DEFENSES**

Having fully answered Plaintiffs' Complaint, Defendant pleads the following defenses and/or affirmative defenses on its own behalf, without waiving any arguments that it may be entitled to assert regarding the burden of proof, legal presumptions or other legal characterizations.

**FIRST AFFIRMATIVE DEFENSE**

Failure to State a Claim

Plaintiffs' Complaint fails to state a claim upon which relief may be granted as to any Defendant, and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**SECOND AFFIRMATIVE DEFENSE**

Statute of Limitations

Plaintiffs' claims, or some of them, are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

<p align="center">No Standing</p>

Plaintiffs are covered by the statutes, regulations and legal theories sought to be invoked in the Complaint. Accordingly, for this and other reasons, Plaintiffs' claims, or some of them, are barred in whole or in part because Plaintiffs lack standing.

### FOURTH AFFIRMATIVE DEFENSE

<p align="center">Breach of Contract</p>

Pending further discovery, Plaintiffs' claims, or some of them, are barred in whole or in part because Plaintiffs are in breach of their agreements with Defendant.

### FIFTH AFFIRMATIVE DEFENSE

<p align="center">Estoppel</p>

Pending further discovery, Plaintiffs' claims, or some of them, are barred in whole or in part because Plaintiffs are estopped by their own conduct to claim any right to damages or other monetary relief from Defendant.

### SIXTH AFFIRMATIVE DEFENSE

<p align="center">Laches</p>

Pending further discovery, Plaintiffs' claims, or some of them, are barred in whole or in part by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

<p align="center">Res Judicata/Collateral Estoppel</p>

Pending further discovery, Plaintiffs' claims, or some of them, are barred, in whole or in part, by the doctrines of *res judicata* and/or *collateral estoppel*.

### EIGHTH AFFIRMATIVE DEFENSE

<p align="center">Accord and Satisfaction; Payment</p>

Plaintiffs' claims, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment. Assuming, arguendo, that Plaintiffs, or some of them,

were employees within the meaning of the Massachusetts law, which Defendant specifically denies, Plaintiffs' claims, or some of them, are barred in whole or in part by the receipt of compensatory time off.

### NINTH AFFIRMATIVE DEFENSE
#### Release

Pending further discovery, Plaintiffs' claims, or some of them, are barred in whole or in part because said claims have been released by the individual(s) in question.

### TENTH AFFIRMATIVE DEFENSE
#### Waiver

Pending further discovery, Plaintiffs' claims, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

### ELEVENTH AFFIRMATIVE DEFENSE
#### Independent Contractor Status

Plaintiffs' claims are barred because said individuals were independent contractors, and not employees of Defendant.

### TWELFTH AFFIRMATIVE DEFENSE
#### Unclean Hands/*In Pari Delicto*

Pending further discovery, Plaintiffs' claims, or some of them, are barred in whole or in part by the doctrine of unclean hands and *in pari delicto*.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### Knowing Submission/Consent

Plaintiffs' claims, or some of them, are barred in whole or in part because Plaintiffs knowingly submitted to and acquiesced in the actions alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Unavailability of Penalties

To the extent Plaintiffs seek penalties, punitive damages or exemplary damages, they fail to state facts sufficient to support such claims, and such claims are precluded by statute, or violate the Due Process rights of the Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

Setoff and Recoupment

If any damages have been sustained by Plaintiffs, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs owed to Defendant against any judgment that may be entered against Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Express Contract

Plaintiffs' claims are barred in whole or in part because they entered into an express contract with Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Arbitration

Plaintiffs' claims, or some of them, may not be litigated in court because some or all of said individuals' claims may be subject to individual mandatory, final, and binding arbitration.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Conduct Reasonable and in Good Faith/Not Willful

Assuming, arguendo, that Plaintiffs were employees within the meaning of Massachusetts law, which Defendant specifically denies, and assuming, arguendo, that any such Plaintiff is entitled to relief under Massachusetts law, which Defendant specifically denies, Plaintiffs' claims, or some of them, are barred, in whole or in part, on the ground that Defendant acted in good faith, with a good-faith and reasonable belief that Defendant had complied fully with

9

federal and state law, with a bona fide dispute as to the obligation of payment, and/or in conformity with, and in reliance on, written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of federal and/or State agencies.  Furthermore, assuming, arguendo, that a violation of Massachusetts law occurred, which Defendant specifically denies, Defendant's conduct was not willful.

### NINETEENTH AFFIRMATIVE DEFENSE
Unavailability of Equitable Relief

To the extent Plaintiffs seek equitable relief, such relief is precluded.

### TWENTIETH AFFIRMATIVE DEFENSE
Preemption

Plaintiffs' claims may be preempted, in whole or in part, by federal law, and the federal regulation of interstate commerce in general and the transportation industry in particular.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
Lack of Disability or Handicap

Plaintiffs' claims are barred in part because Plaintiffs were not handicapped or disabled as defined by the governing State laws and regulations.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
Failure to Exhaust Administrative Remedies

Plaintiffs' claims, or some of them, are preempted, in whole or in part, by their failure to exhaust their administrative remedies.

* * *

Defendant reserves the right to assert by supplemental pleading any affirmative defenses or counterclaim which matures, or is acquired by it, subsequent to the filing of this Answer.

\* \* \*

WHEREFORE, Defendant prays for judgment as follows:

(1) That the Complaint and each claim therein be dismissed with prejudice;

(2) That Defendant be awarded costs incurred herein, and reasonable attorneys' fees;

(3) That Defendant be granted leave to amend its pleadings to conform to the proof; and

(4) That the Court order such other and further relief for Defendant as the Court may deem just and proper.

FEDEX GROUND PACKAGE SYSTEM, INC.

By its attorneys,

October 12, 2005

*/s/ Wesley S. Chused*
Wesley S. Chused (BBO #083520)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

and

JOHN H. BEISNER
EVELYN L. BECKER
O'MELVENY & MYERS LLP
1625 EYE STREET, N.W.
WASHINGTON, D.C. 20006
PH: (202) 383-5300
FAX: (202) 383-5414

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 12, 2005, I served a copy of the foregoing pleading upon all parties hereto by electronically, via facsimile or by mailing copies thereof via first class mail, properly addressed to the following:

> Shannon Liss-Riordan, Esq.
> Alfred Gordon, Esq.
> Stephen Young, Esq.
> Pyle Rome, Lichten, Ehrenberg, & Liss-Riordan
> 18 Tremont Street, 5th Floor
> Boston, MA 02108

> */s/ Wesley S. Chused*
> Wesley S. Chused

DC1:626421.5