**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **RONALD PERRY, JEAN CAPOBIANCO** | ) | |
| **and RICHARD SYREK,** | ) | |
| | ) | |
| | ) | |
| *Plaintiffs,* | ) | **CIVIL ACTION NO. 05-10976-WGY** |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **FEDEX GROUND PACKAGE SYSTEM,** | ) | |
| **INC. and FEDEX GROUND PACKAGE** | ) | |
| **SYSTEM, INC. d/b/a FEDEX HOME** | ) | |
| **DELIVERY,** | ) | |
| | ) | |
| *Defendants.* | ) | |

### DEFENDANT'S MOTION TO CONTINUE SCHEDULING CONFERENCE

COMES NOW Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("FedEx Ground")[1] in the above-captioned action, and moves to continue the scheduling conference in this case, currently scheduled for November 14, 2005, for 60 days, on the grounds described below.

On October 28, 2005, this Court issued a Notice of Scheduling Conference, setting an initial scheduling conference in this case for Monday, November 14, 2005, at 2:00 p.m. Shortly after this case was filed, FedEx Ground notified the Judicial Panel on Multidistrict Litigation (the "Panel") that this case was related to a series of other cases subject to a pending Motion to Transfer for Coordinated Pretrial Proceedings pursuant to 28 U.S.C. § 1407. (Ex. A)

---

[1]    FedEx Home Delivery is a division of FedEx Ground.

Subsequently, that motion was granted, and the Panel established multidistrict litigation ("MDL") proceedings in the Northern District of Indiana. (Ex. B) On August 30, 2005, the Panel issued a Conditional Transfer Order ("CTO"), finding that this case was related to those actions subject to the MDL proceedings, and providing Plaintiffs with fifteen days to notice their opposition to transfer. (Ex. C) On September 14, 2005, Plaintiffs noticed their opposition to transfer, and on September 29, 2005, filed their Motion to Vacate the CTO. (Exs. D and E) On October 19, 2005, FedEx Ground filed its opposition to Plaintiffs' Motion to Vacate. (Ex. F)

Accordingly, the Panel is currently considering whether this case should be transferred to the Northern District of Indiana for coordinated pretrial proceedings. The Panel has indicated that it will be considering the Motion to Vacate without a hearing (Ex. G), and therefore it is expected that a decision will be issued within the next 60 days.

Given the fact that the above-captioned case may be transferred to another court, FedEx Ground submits that a continuance of the initial scheduling conference would serve the interests of judicial economy and would prevent the unnecessary expenditure of the parties' resources. Accordingly, FedEx Ground respectfully requests that the Court grant this Motion and continue the November 14, 2005, initial scheduling conference for 60 days.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned counsel for the Defendant hereby certifies that he has conferred with the Plaintiffs' counsel and has attempted in good faith to resolve or narrow the issue herein.

FEDEX GROUND PACKAGE SYSTEM, INC.
By its attorneys,

November 1, 2005                    */s/ Wesley S. Chused*

Wesley S. Chused (BBO #083520)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

and

John H. Beisner
Evelyn L. Becker
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, D.C. 20006
Tel:  (202) 383-5300
Fax:  (202) 383-5414

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2005, I served a copy of the foregoing pleading upon all parties hereto by electronically, via facsimile or by mailing copies thereof via first class mail, properly addressed to the following:

Shannon Liss-Riordan, Esq.
Alfred Gordon, Esq.
Stephen Young, Esq.
Pyle Rome, Lichten, Ehrenberg, & Liss-Riordan
18 Tremont Street, 5th Floor
Boston, MA 02108


*/s/ Wesley S. Chused*
Wesley S. Chused

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **RONALD PERRY, JEAN CAPOBIANCO** | ) | |
| **and RICHARD SYREK,** | ) | |
| | ) | |
| | ) | |
| *Plaintiffs,* | ) | **CIVIL ACTION NO. 05-10976-WGY** |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **FEDEX GROUND PACKAGE SYSTEM,** | ) | |
| **INC. and FEDEX GROUND PACKAGE** | ) | |
| **SYSTEM, INC. d/b/a FEDEX HOME** | ) | |
| **DELIVERY,** | ) | |
| | ) | |
| *Defendants.* | ) | |

## PROPOSED ORDER

Upon consideration of Defendant FedEx Ground Package System, Inc.'s Motion to

Continue Scheduling Conference, it is this ___ day of November, 2005, hereby

ORDERED that the Motion to Continue is GRANTED; and it is further

ORDERED that the initial scheduling conference in the above-captioned action shall be

held on January _____, 2006, at _____ a.m./p.m.

SO ORDERED.

_____
William G. Young
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

RECEIVED
CLERK'S OFFICE

2005 MAY 24  P 1: 34

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re **FEDEX GROUND PACKAGE SYSTEM,** | ) | |
| **INC. EMPLOYMENT PRACTICES** | ) | **MDL No. 1700** |
| **LITIGATION II** | ) | |

## NOTICE OF RELATED ACTIONS

To the Clerk of the Multidistrict Panel:

Pursuant to Rules 7.5 (d) and (e) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation ("RPJPML"), FedEx Ground Package System, Inc. ("FedEx Ground") hereby notifies the Panel of the pendency of two potential "tag-along" actions filed in federal district court. The actions, *Tierney, et al. v. FedEx Ground Package System, Inc.* (D.R.I.), and *Perry, et al. v. FedEx Ground Package System, Inc., et al.* (D. Mass.), are listed in the attached schedule.

Transfer and coordination of these actions are appropriate because both involve comparable allegations based on the same basic theory as those cases FedEx Ground moved to transfer and coordinate in its motion filed with this Panel on May 11, 2005— namely, that the owner-operators who provide pick-up, transportation, and delivery services in support of FedEx Ground's nationwide transportation system should have been classified as "employees" rather than independent contractors.

Moreover, *Tierney* represents the second nationwide class action filed against FedEx Ground in the last three weeks. Therefore, this case only compounds the risk of inconsistent judgments and overlapping classes in the absence of transfer and coordination that FedEx Ground articulated in its pending motion to transfer.

Accordingly, FedEx Ground respectfully requests that these actions be transferred for coordinated pretrial proceedings along with the fifteen other actions subject to FedEx Ground's Motion. FedEx Ground also requests that these cases be included in the Panel's consideration of the pending motion, and that a show cause order be issued to counsel for the *Tierney* and *Perry* plaintiffs.

Counsel for FedEx Ground also takes this opportunity to inform the Panel that its Motion to Transfer for Coordinated Pretrial Proceedings intended to be served on the Clerk of the United States District Court for the Western District of Washington was inadvertently mailed to an incorrect address. FedEx Ground had already included a copy of the motion in a notice filed with the *Anfinson* Court on May 11, 2005. Even so, another copy of the motion was mailed to the Clerk of the United States District Court for the Western District of Washington on May 23, 2005.

Dated: May 24, 2005                      Respectfully Submitted,

John H. Beisner
Evelyn L. Becker
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20007
(202) 383-5300

COUNSEL FOR FEDEX GROUND
PACKAGE SYSTEM, INC.

-2-

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re FEDEX GROUND PACKAGE SYSTEM,
INC. EMPLOYMENT PRACTICES
LITIGATION

MDL Docket No. 1679

SCHEDULE OF RELATED ACTION

| PLAINTIFF(S) | DEFENDANTS | DIVISION/ CITY | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|---|
| **D.R.I.** | | | | |
| Tierney, Raymond, Wayne F. Mills, Jr., Alan Ginet, Eric J. Moss, Sammy Farland, Donald J. McClafferty, Ricardo Bacani, Paul Luongo and Stephen H. McGuiress, on behalf of themselves and all persons similarly situated | FedEx Ground Package System, Inc. | Providence | CA 05-220S | Hon. William E. Smith |
| | | | | |
| **D. Mass.** | | | | |
| Perry, Ronald, Jean Capobianco, Richard Syrek | FedEx Ground Package System, Inc., and FedEx Ground Package System, Inc. d/b/a FedEx Home Delivery | Boston | 05-10976 WGY | Hon. William G. Young |

RECEIVED
CLERK'S OFFICE

2005 MAY 24  P 1: 34

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

2005 MAY 24　P 1: 34

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2005, a true and correct copy of the foregoing Notice of Related Actions was served by U.S. mail on the following:

| | |
|---|---|
| Wayne W. Hansen<br>Aaron A. Roblan<br>Karen P. Kruse<br>Jackson Lewis LLP<br>One Union Square<br>600 University Street, Suite 2900<br>Seattle, WA 98101<br>(206) 405-0404<br><br>*Attorneys for FedEx Ground Package System, Inc., John Schnebeck, and Cheryl Pilakowski* | Lynn Rossman Faris<br>Leonard Carder, LLP<br>1330 Broadway, Suite 1450<br>Oakland, CA 94612<br><br>*Attorney for Plaintiffs Dean Alexander, Suzanne Andrade, Jarrett Henderson, Ely Ines, Paul Infantino, Jorge Isla, Bernard Mendoza, Jesse Padilla, Joey Rodriguez & Allan Ross* |
| Beth A. Ross<br>Leonard Carder, LLP<br>1330 Broadway Avenue<br>Suite 1450<br>Oakland, CA 94612<br><br>*Attorney for Plaintiffs Dean Alexander, Suzanne Andrade, Jarrett Henderson, Ely Ines, Paul Infantino, Jorge Isla, Bernard Mendoza, Jesse Padilla, Joey Rodriguez & Allen Ross* | George A. Barton<br>Law Offices of George A. Barton, PC<br>800 W. 47th Street, Suite 700<br>Kansas City, MO 64112<br><br>*Attorney for Plaintiffs Carlene M. Craig, Keith Barry, Jeff Bramlage, Janie L. Foster, Terry Goodman, Lawrence Liable, Mike Moore, Abe Payne, Leo Rittenhouse & Kent Whistler* |
| Larry L. Luttjohann<br>6301 SW 25th<br>Topeka, KS 66614<br><br>*Attorney for Plaintiffs Carlene M. Craig, Keith Barry, Jeff Bramlage, Janie L. Foster, Terry Goodman, Lawrence Liable, Mike Moore, Abe Payne, Leo Rittenhouse & Kent Whistler* | John A. Smietanka<br>Anne Buckleitner<br>Smietanka Law Office<br>O-155 44th Street, SW<br>Suite 1<br>Grandville, MI 40418<br><br>*Attorneys for Plaintiffs James Lester, James Kassuba & Ryan Tomaski* |

| | |
|---|---|
| Edith A. Thomas<br>214 North Ridge Drive<br>Suite B<br>Fallbrook, CA 92028<br><br>*Attorneys for Plaintiffs James Lester,*<br>*James Kassuba & Ryan Tomaski* | Dan S. Smith<br>Dan Solomon Smith, LLC<br>339 Main Street<br>Suite 2D<br>Orange, NJ 07050<br><br>*Attorney for Plaintiffs Jessie Capers, Tariq*<br>*Baskerville, Elaine Muldrow, Patrick Ngei,*<br>*& Gitonga Waiguchu* |
| Carla D. Macaluso<br>John M. Nolan<br>Jackson Lewis LLP<br>220 Headquarters Plaza<br>7th Floor, East Tower<br>Morristown, NJ 07960<br><br>*Attorneys for Defendants Federal Express*<br>*Corp., FedEx Ground, Joe Collins, Tom*<br>*Dimaio, Tyrone Gaskins, Jim Gelhausen,*<br>*& Albert Rettinger* | Richard Tanenbaum, Esq.<br>1131 McDonald Avenue<br>Brooklyn, NY 11230<br><br>*Attorney for Plaintiffs Curtis Johnson &*<br>*Margaret Johnson* |
| Salvatore G. Gangemi<br>Gangemi, Mango & Iacoviello, LLP<br>14 Penn Plaza, Suite 2200<br>New York, NY 10122<br><br>*Attorney for Plaintiffs Larry Louzau,*<br>*Thomas Frasca & Charles Malkin* | Peter W. Overs, Jr.<br>Robert Ira Harwood<br>Wechsler Harwood LLP<br>488 Madison Avenue, 8th Floor<br>New York, NY 10022<br><br>*Attorney for Plaintiffs Larry Louzau,*<br>*Thomas Frasca & Charles Malkin* |
| SuAnne Hardee Bryant<br>Bryant & Associates, P.C.<br>1105 Eden Square<br>Chesapeake, VA 23320-2750<br><br>*Attorney for Plaintiff Bradley D. Gregory* | Lawrence Schwerin<br>Dmitri Iglitzin<br>Schwerin Campbell Barnard<br>18 West Mercer Street, Suite 400<br>Seattle, WA 98119<br><br>*Attorneys for Randy Anfinson, James*<br>*Geiger, and Steven Hardie* |

-2-

| | |
|---|---|
| Robert Brian Milligan<br>James M. Nelson<br>Seyfarth Shaw<br>400 Capitol Mall, Suite 2350<br>Sacramento, CA 95814-4428<br><br>*Attorneys for Defendant FedEx Ground Package System, Inc.* | Kara Marie Dorssom<br>John J. Yates<br>Husch & Eppenberger, LLC<br>1200 Main Street, Suite 1700<br>Kansas City, MO 64105<br><br>*Attorneys for Defendant FedEx Ground Package System, Inc.* |
| Marjory G. Basile<br>150 W. Jefferson<br>Suite 2500<br>Detroit, MI 48226-4415<br><br>*Attorney for Defendants Federal Express Corp., FedEx Ground Package System, Inc. & FedEx Home Delivery* | John Ralph Lockard<br>Vandeventer Black LLP<br>500 World Trade Center<br>Norfolk, VA 23510<br><br>*Attorney for Defendant FedEx Corp.* |
| Edward John Efkeman<br>Federal Express Corporation<br>3620 Hacks Cross Rd<br>3rd Floor<br>Memphis, TN 38125<br><br>*Attorney for Defendant Federal Express Corp.* | Rafael Eloy Morell<br>Michael Joseph Murphy<br>Ogletree Deakins Nash Smoak & Stewart PC<br>2400 N Street, NW<br>5th Floor<br>Washington, DC 20037<br><br>*Attorney for Defendant FedEx Ground Package System, Inc.* |
| Martin S. Garfinkel<br>William Rutzick<br>Schroeter, Goldmark & Bender<br>500 Central Building<br>810 Third Avenue<br>Seattle, WA 98104<br>(206) 622-8000<br><br>*Attorneys for Randy Anfinson, James Geiger, and Steven Hardie* | Donald R. Taylor<br>David E. Dunham<br>Steven D. Urban<br>Taylor & Dunham, L.L.P.<br>327 Congress Avenue, Suite 600<br>Austin, Texas 78701<br>(512) 473-2257<br><br>*Attorneys for John Humphreys, David Meredith, and Jeffrey Quebe* |

| | |
|---|---|
| Matthew T. Tobin<br>Ronald A. Parsons, Jr.<br>Kimberly J. Lanham<br>Johnson, Heidepriem, Miner, Marlow &<br>Janklow, L.L.P.<br>P.O. Box 1107<br>Sioux Falls, SD 57101-1107<br><br>*Attorneys for Kimberly A. Bunger, Darrell*<br>*Engbrecht, John F. Esculano, Jay Heintz,*<br>*Steve Persing, and Chad Viereck* | Kevin M. Costello<br>Levow & Costello<br>Cherry Hill Plaza<br>Suite 200<br>1415 Marlton Pike East<br>Cherry Hill, New Jersey 08034<br><br>*Attorney for Michael B. Kilmartin* |
| Clayton D. Halunen<br>Joni M. Thome<br>220 South 6th Street<br>Suite 2000<br>Minneapolis, MN 55402<br>Tel. (612) 605-4098<br><br>*Attorneys for Katrina Lee, Magnus B.*<br>*Conroy, Gary Miyazaki, Femi Onayiga and*<br>*Gerald Pelkey*<br>*Attorneys for Michael Griffin, Diane*<br>*Gordon and Clarence Kelly* | Charles N. Nauen<br>William A. Gengler<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis, MN 55401<br>Tel. (612) 339-06900<br><br>*Attorneys for Katrina Lee, Magnus B.*<br>*Conroy, Gary Miyazaki, Femi Onayiga and*<br>*Gerald Pelkey*<br>*Attorneys for Michael Griffin, Diane*<br>*Gordon and Clarence Kelly* |
| J. Gordon Rudd, Esquire<br>Anne T. Regan, Esquire<br>651 Nicollet Mall<br>Suite 501<br>Minneapolis, MN 55401<br>Tel. (612) 341-0400<br><br>*Attorneys for Katrina Lee, Magnus B.*<br>*Conroy, Gary Miyazaki, Femi Onayiga and*<br>*Gerald Pelkey*<br>*Attorneys for Michael Griffin, Diane*<br>*Gordon and Clarence Kelly* | Michael Johnson<br>Halunen & Associates<br>415 North LaSalle St.<br>Suite 203<br>Chicago, IL 60610<br><br>*Attorney for Michael Griffin, Diane*<br>*Gordon and Clarence Kelly* |
| Cheryl M. Stanton<br>Ogletree, Deakins, Nash, Smoak, and<br>Stewart<br>10 Madison Avenue, Suite 402<br>Morristown, New Jersey 07960<br><br>*Attorney for FedEx Ground Package*<br>*System Inc. and FedEx Home Delivery* | David J. Duddleston<br>Mary L. Senkbeil<br>Jackson Lewis LLP<br>150 South Fifth Street Towers, Suite 1450<br>Minneapolis, MN 55402<br><br>*Attorneys for FedEx Ground Package*<br>*System Inc. and FedEx Home Delivery* |

| | |
|---|---|
| Susan Brunick Simons<br>Davenport, Evans, Hurwitz & Smith, L.L.P.<br>206 West 14th Street<br>P.O. Box 1030<br>Sioux Falls, SD 57104<br><br>*Attorney for FedEx Ground Package System Inc. and FedEx Home Delivery* | Robert E. McDaniel<br>The McDaniel Law Offices<br>4 Bicentennial Square<br>Concord, NH 03301<br><br>*Attorney for Robert Gennell, Jr., Donald Swazey, Gary Terrio, Kenneth M. Ries, Craig Batley, Ralph Beaulieu, Donald Bumford, Dennis Burns, Ted Blaisdell, Joseph Condi, Michael Detrimont, Mark Gagnon, Paul Gendron, Ricard N. Gioiosa, David Glidden, Robert Grunditz, James Hall, Jr., William Hurley, Michelle Jones, Marie LaRoche, Gary Lucier, Kenneth Parnell, Keith Repack, Mario Russo, Jay Trachim, and Christopher Van Lenten* |
| Shannon Liss-Riordan<br>Alfred Gordon<br>Pyle Rome, Lichten, Ehrenberg, & Liss-Riorden<br>18 Tremont Street, 5th Floor<br>Boston, MA 02108<br>*Attorneys for Edward Sheehan, Ronald Perry, Randy Azzato, and Alan Pacheco*<br><br>*Attorneys for Ronald Perry, Jean Capobianco, and Richard Syrek* | Ian Morrison<br>Sarah Chomiak<br>Seyfarth Shaw LLP<br>55 East Monroe Street<br>Suite 4200<br>Chicago, Illinois 60603<br>*Attorneys for FedEx Ground Package System, Inc. and FedEx Home Delivery* |
| Peter N. Wasylyk<br>Law Offices of Peter N. Wasylyk<br>1307 Chalkstone Avenue<br>Providence, RI 02908<br><br>*Attorney for Raymond Tierney, Wayne F. Mills, Jr., Alan Ginet, Eric J. Moss, Sammy Farland, Donald J. McClafferty, Ricardo Bacani, Paul Luongo and Stephen H. McGuiness* | Wood R. Foster Jr.<br>Jordan M. Lewis<br>Siegel, Brill, Greupner, Duffy & Foster, P.A.<br>1845 Walnut Street, 24th Floor<br>Philadelphia, PA 19103<br><br>*Attorneys for Raymond Tierney, Wayne F. Mills, Jr., Alan Ginet, Eric J. Moss, Sammy Farland, Donald J. McClafferty, Ricardo Bacani, Paul Luongo and Stephen H. McGuiness* |

| | |
|---|---|
| Andrea Johnstone<br>Gallagher, Callahan & Gartrell, PA<br>214 North Main Street<br>P.O. Box 1415<br>Concord, NH 03302-1415<br><br>*Attorney for FedEx Ground Package<br>System Inc., and FedEx Home Delivery* | Wes Chused<br>Looney & Grossman LLP<br>101 Arch Street<br>Boston, MA  02110<br><br>*Attorney for FedEx Ground Package<br>System, Inc. and FedEx Home Delivery* |

   I further certify that on this 24th day of May, 2005, a true and correct copy of the foregoing Notice of Related Actions was served by U.S. Mail on the Clerks of the United States District Court for the Districts of Rhode Island and Massachusetts.

Guy Brenner

O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
(202) 383-5300

# EXHIBIT B



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 10 2005

FILED
CLERK'S OFFICE

**RELEASED FOR PUBLICATION**

*DOCKET NO. 1700*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION (NO. II)*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*



This litigation currently consists of two actions in the District of New Jersey and thirteen actions pending, respectively, in the Northern District of California, Northern District of Illinois, District of Kansas, District of Massachusetts, Eastern District of Michigan, District of Minnesota, District of New Hampshire, Eastern District of New York, Southern District of New York, District of South Dakota, Western District of Texas, Eastern District of Virginia, and Western District of Washington as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendant FedEx Ground Package System, Inc. (FedEx Ground) for coordinated or consolidated pretrial proceedings of these actions in the Western District of Pennsylvania. Defendants FedEx Corporation and Federal Express Corporation support the motion. Plaintiffs in thirteen actions before the Panel oppose the motion. If the Panel orders 1407 transfer over their objections, then plaintiffs in twelve actions suggest the Northern District of California or the Eastern District of New York as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that these fifteen actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Indiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions, at some level, share factual questions arising from the classification of certain package delivery drivers as independent contractors rather than employees. The Panel previously denied a motion for transfer under Section 1407 brought by FedEx Ground, which

---

Judge Motz took no part in the decision of this matter.

[1]  In addition to the fifteen actions before the Panel, FedEx Ground has identified ten related actions pending, respectively, in the Northern District of Indiana, District of Massachusetts, Northern District of Mississippi, District of New Jersey, District of Oregon, Eastern District of Pennsylvania, Western District of Pennsylvania, District of Rhode Island, Western District of Tennessee, and Eastern District of Wisconsin. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

**OFFICIAL FILE COPY**

IMAGED AUG 10 2005

- 2 -

encompassed seven actions. *See In re FedEx Ground Package System, Inc., Employment Practices Litigation*, 366 F.Supp.2d 1381 (J.P.M.L. 2005). In the intervening months, however, the litigation has grown considerably. Indeed, the number of pending actions has nearly quadrupled, which underscores the need for economies of scale that centralized pretrial management of these actions will provide. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs oppose Section 1407 centralization in part because most of the actions are brought on behalf of putative statewide classes under varying state laws; however, the presence of additional or differing legal theories is outweighed when the underlying actions still arise from a common factual core, as the actions here do. Distinctions among the actions may be such that certain actions, which have been pending for some time, or claims therein, such as those for discrimination, can be ready for remand in advance of other claims or actions, after further refinement of the issues and close scrutiny by the transferee judge. But we are unwilling, on the basis of the record before us, to make a determination at this time that the degree of interconnection between the discrimination claims and the other claims against FedEx Ground is so small as to warrant exclusion of the claims from Section 1407 proceedings from the outset. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. In the meantime, transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in other actions. Discovery with respect to any case-specific issues can proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). Section 1407 centralization will thus enable pretrial proceedings to be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Given the geographic dispersal of pending actions, as well as the nationwide business of FedEx Ground, no particular district or region emerges as the focal point for this litigation. In concluding that the Northern District of Indiana is an appropriate forum for this docket, we observe that centralization in this district permits the Panel to effect the Section 1407 assignment to a transferee district that is not currently assigned to other multidistrict litigation dockets and to a transferee judge who can steer this litigation on a steady and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Northern District of Indiana and, with the consent of that court, assigned to the Honorable Robert L. Miller, Jr., for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1700 -- In re FedEx Ground Package System, Inc., Employment Practices Litigation (No. II)</u>

<u>Northern District of California</u>

*Dean Alexander, et al. v. FedEx Ground Package System, Inc., et al.*, C.A. No. 3:05-38

<u>Northern District of Illinois</u>

*Michael Griffin, et al. v. FedEx Corp., et al.*, C.A. No. 1:05-2326

<u>District of Kansas</u>

*Carlene M. Craig, et al. v. FedEx Ground Package System, Inc.*, C.A. No. 5:03-4197

<u>District of Massachusetts</u>

*Edward Sheehan, et al. v. FedEx Corp., et al.*, C.A. No. 1:05-10936

<u>Eastern District of Michigan</u>

*James Lester, et al. v. Federal Express Corp., et al.*, C.A. No. 1:04-10055

<u>District of Minnesota</u>

*Katrina Lee, et al. v. FedEx Corp., et al.*, C.A. No. 0:05-814

<u>District of New Hampshire</u>

*Robert Gennell, Jr., et al. v. FedEx Corp., et al.*, C.A. No. 1:05-145

<u>District of New Jersey</u>

*Jessie Capers, et al. v. FedEx Ground, et al.*, C.A. No. 2:02-5352
*Michael B. Kilmartin v. Federal Express, Inc., et al.*, C.A. No. 3:05-2028

<u>Eastern District of New York</u>

*Curtis Johnson, et al. v. FedEx Home Delivery, et al.*, C.A. No. 1:04-4935

- A2 -

Southern District of New York

*Larry Louzau, et al. v. FedEx Ground Package System, Inc.*, C.A. No. 1:04-9795

District of South Dakota

*Kimberly A. Bunger, et al. v. FedEx Ground Package System, Inc., et al.*, C.A. No. 4:05-4056

Western District of Texas

*John Humphreys, et al. v. Federal Express Corp., et al.*, C.A. No. 1:05-155

Eastern District of Virginia

*Bradley D. Gregory v. FedEx Corp., et al.*, C.A. No. 2:03-479

Western District of Washington

*Randy Anfinson, et al. v. FedEx Ground Package System, Inc., et al.*, C.A. No. 2:05-119

# EXHIBIT C

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:         [202] 502-2888

http://www.jpml.uscourts.gov

August 30, 2005

TO INVOLVED COUNSEL

Re: MDL-1700 -- In re FedEx Ground Package System, Inc., Employment Practices Litigation (No. II)

(See Attached Schedule CTO-1)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:** __September 14, 2005__   (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel <u>Rules</u> before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By

Mecca S. Carter
Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 3 0 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 1700*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION (NO. II)*

*(SEE ATTACHED SCHEDULE)*

*CONDITIONAL TRANSFER ORDER (CTO-1)*

On August 10, 2005, the Panel transferred 15 civil actions to the United States District Court for the Northern District of Indiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. With the consent of that court, all such actions have been assigned to the Honorable Robert L. Miller, Jr.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Northern District of Indiana and assigned to Judge Miller.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Indiana for the reasons stated in the order of August 10, 2005, ____F.Supp.2d____ (J.P.M.L. 2005), and, with the consent of that court, assigned to the Honorable Robert L. Miller, Jr.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Indiana. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

**SCHEDULE CTO-1 - TAG-ALONG ACTIONS**
**DOCKET NO. 1700**
**IN RE FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES**
**LITIGATION (NO. II)**

DIST. DIV. C.A. #                CASE CAPTION

MASSACHUSETTS
  MA    1   05-10976          Ronald Perry, et al. v. FedEx Ground Package System, Inc.

MISSISSIPPI NORTHERN
  MSN   2   05-142            Theodore Fleming, Jr., et al. v. FedEx Corp., et al.

NEW JERSEY
  NJ     1   05-2930          Michael Tofaute, et al. v. FedEx Ground Package Systems, Inc.

OREGON
  OR    3   05-1127           Edward Slayman v. FedEx Ground Package System, Inc.

PENNSYLVANIA EASTERN
  PAE   2   05-3836           Derek D. Willis v. FedEx Ground Package Systems, Inc., et al.

PENNSYLVANIA WESTERN
  PAW   2   05-1015           Jeffrey Hart v. FedEx Ground Package System, Inc.

RHODE ISLAND
  RI     1   05-220           Raymond Tierney, et al. v. FedEx Ground Package System, Inc.

TENNESSEE WESTERN
  TNW   2   05-2447           Arthur Smith, et al. v. FedEx Corp., et al.

WISCONSIN EASTERN
  WIE   2   05-737            Gary Lee Larson, et al. v. FedEx Ground Package System, Inc.

RULE 5.2:    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

RULE 7.4:    CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)    Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)    Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)    Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)    Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)    Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)    Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:    MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)    Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)    Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)    Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)    A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)    Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

# INVOLVED COUNSEL LIST (CTO-1)
## DOCKET NO. 1700
## IN RE FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION

John H. Beisner
O'Melveny & Myers, LLP
1625 Eye Street, N.W.
Washington, DC 20006-4001

Joree G. Brownlow
Law Office of Joree G. Brownlow
1444 Gillham Drive
Suite 200
Bartlett, TN 38134

R. Bruce Carlson
Caron, Mccormick, Gordon &
Constants
201 Route 17 North
2nd Floor
Rutherford, NJ 07070

Jerald R. Cureton
Cureton Caplan
950B Chester Avenue
Delran, NJ 08075

Wood Robertson Foster, Jr.
Siegel, Brill, Greupner & Duffy
100 Washington Square
Suite 1350
Minneapolis, MN 55401

Philip S. Fuoco
Law Firm of Phillip Stephen Fuoco
24 Wilkins Place
Haddonfield, NJ 08033

R. Christopher Gilreath
Gilreath & Associates
6256 Popular Avenue
Memphis, TN 38119

Clayton D. Halunen
Halunen & Associates
220 South Sixth Street
Suite 2000
Minneapolis, MN 55402

Steve D. Larson
Stoll, Stoll, Berne, Lokting &
Shlachter
209 S.W. Oak Street, 5th Floor
Portland, OR 97204

Jordan M. Lewis
Siegel, Brill, Greupner, Duffy &
Foster, PA
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103

Shannon Liss-Riordan
Pyle, Rome, Lichten, Ehrenberg &
Liss-Riordan
18 Tremont Street
Suite 500
Boston, MA 02109

Gary F. Lynch
Gary F. Lynch, PC
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107

Paula R. Markowitz
Markowitz & Richman
121 South Broad Street
1100 North America Building
Philadelphia, PA 19107

Richard R. Meneghello
Fisher & Phillips, LLP
1001 S.W. Fifth Avenue
Suite 1600
Portland, OR 97204

Charles N. Nauen
Lockridge, Grindal & Nauen
P.L.L.P
100 Washington Avenue, South
Suite 2200
Minneapolis, MN 55401

Shannon H. Paliotta
Littler Mendelson, P.C.
625 Liberty Avenue
26th Floor
Pittsburg, PA 15222

Richard T. Phillips
Smith, Phillips, Mitchell & Scott
P.O. Drawer 1586
Batesville, MS 38606

Alan M. Purdie
Gore, Kilpatrick, Purdie, Metz &
Adcock
P.O. Drawer 2900
Ridgeland, MS 39158

Anne T. Regan
Zimmerman Reed
651 Nichollet Avenue
Suite 501
Minneapolis, MN 55401

Eric H. Rumbaugh
Michael, Best & Friedrich
100 E. Wisconsin Ave
Suite 3300
Milwaukee, WI 53202-4108

Cheryl M. Stanton
Ogletree, Deakins, Nash, Smoak &
Stewart, PC
10 Madison Avenue
Suite 402
Morristown, NJ 07960

Patricia A. Sullivan
Edwards & Angell
2800 Financial Plaza
Providence, RI 02903

Peter N. Wasylyk
Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, RI 02908

Michael J. Watton
Watton Law Office
225 East Michigan Street, Suite 550
Milwaukee, WI 53216

# EXHIBIT D

## UNITED STATES OF AMERICA
### JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION (No. II) | Docket No. 1700 |

### NOTICE OF OPPOSITION

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), Plaintiffs Ronald Perry, Jean Capobianco, and Richard Syrek ("Plaintiffs") hereby file this notice of opposition to the transfer of their civil action currently filed in the United States District Court for the District of Massachusetts, Civil Action No. 05-10976, Ronald Perry, Jean Capobianco, and Richard Syrek v. FedEx Ground Package System, Inc. ("Civil Action"), which was listed on the Conditional Transfer Order (Schedule CTO-1) filed by the Clerk of the Panel on August 30, 2005.

These plaintiffs contend that this Civil Action is not suitable for transfer the MDL court, and pursuant to Rule 7.4, within fifteen days of the filing of this Notice of Opposition, the Plaintiffs intend to file a motion to vacate the conditional transfer order and brief in support thereof insofar as the conditional transfer order applies to this Civil Action.

Respectfully submitted,

RONALD PERRY, JEAN
CAPOBIANCO, and RICHARD SYREK,

By their attorneys,

Shannon Liss-Riordan, BBO #640716
Stephen Young, BBO #662914
PYLE, ROME, LICHTEN, EHRENBERG
& LISS-RIORDAN, P.C.
18 Tremont Street, 5th Floor
Boston, MA 02108
(617) 367-7200

Dated:      September 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all
Counsel of record by facsimile on September 14, 2005.

Shannon Liss-Riordan, Esq.

# EXHIBIT E

## UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION (No. II) | Docket No. 1700 |

### PLAINTIFFS' MOTION TO VACATE THE PANEL'S CONDITIONAL TRANSFER ORDER AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), Plaintiffs Ronald Perry, Jean Capobianco, and Richard Syrek ("Plaintiffs") hereby file this Motion to Vacate the Panel's Conditional Transfer Order and Brief in Support Thereof. For the reasons set forth herein, Plaintiffs oppose the transfer of their civil action currently filed in the United States District Court for the District of Massachusetts, Civil Action No. 05-10976, Ronald Perry, Jean Capobianco, and Richard Syrek v. FedEx Ground Package System, Inc. ("Perry Action"), which was listed on the Conditional Transfer Order (Schedule CTO-1) filed by the Clerk of the Panel on August 30, 2005 ("CTO"), and hereby move that the CTO be vacated insofar as it applies to the Perry Action.

### I.  Introduction

Plaintiffs filed the Perry Action in the U.S. District Court for the District of Massachusetts, alleging that the three individual plaintiffs, Ronald Perry, Jean Capobianco, and Richard Syrek, who formerly worked as delivery drivers for Defendants FedEx Ground Package System, Inc., and FedEx Ground Package System, Inc., d/b/a FedEx Home Delivery ("Defendants" or "FedEx Ground"), had

been wrongfully terminated in breach of their contracts and, with respect to Perry and Capobianco, because of their handicaps in violation of the Massachusetts antidiscrimination law (Mass. Gen. L. ch. 151B § 4) and the Massachusetts Equal Rights Act (Mass. Gen. L. c. 93 § 103). *See* Plaintiffs' First Amended Complaint ("Complaint"), attached hereto as Exhibit A.

This case is inappropriate for consolidation with the MDL In re FedEx cases because, unlike those cases, the Perry Action does not require a determination that the plaintiffs were employees of FedEx, as opposed to independent contractors. For the breach of contract claims, it is immaterial whether the plaintiffs were employees or independent contractors; the sole issue to be resolved is whether the plaintiffs' terminations were permitted by, or prohibited by, their contracts. For the discrimination claims, it is likewise immaterial whether the plaintiffs were employees or independent contractors. If they were employees, then their discrimination claims would be governed by the Massachusetts antidiscrimination law (Mass. Gen. L. ch. 151B § 4) which prohibits discrimination in employment; if they were independent contractors, then their discrimination claims would be governed by the Massachusetts Equal Rights Act (Mass. Gen. L. c. 93 § 103), which applies when Mass. Gen. L. ch. 151B § 4 does not apply, including when there is not an employment relationship. See, e.g., Greaney v. Heritage Hospital, Inc., 4 Mass. L. Rptr. No. 30, 665 (March 18, 1996) (if the plaintiff were an independent contractor, and thus were not protected under c. 151B, he may pursue a claim of

2

handicap discrimination under the MERA).[1]  The Plaintiffs have pled both causes of action in the alternative simply in order to ensure that they may pursue their discrimination claims whatever the eventual outcome is of the issue as to whether FedEx Ground drivers are employees or independent contractors.

Thus, the issue of whether the Plaintiffs were employees of FedEx Ground or independent contractors does not need to be resolved by the Perry Action.  The core issues in this case will instead focus on the specific facts surrounding the Plaintiffs' terminations.  Transfer of the Perry Action to the consolidated MDL proceeding would unnecessarily delay and complicate this matter.  It would neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation.  Accordingly, the Perry Action is not properly considered a "tag-along" case suitable for transfer and consolidation with the

---

[1]     Whereas Mass. Gen. L. c. 151B protects "employees" from discrimination, the Massachusetts Equal Rights Act, Mass. Gen. L. c. 93 § 103 ("MERA") extends its protections to "[a]ny person in the Commonwealth." This statute provides that:

> Any person within the commonwealth, regardless of handicap or age as defined in chapter one hundred and fifty-one B, shall, with reasonable accommodation, have the same rights as other persons to make and enforce contracts, inherit, purchase, lease, sell, hold and convey real and personal property, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property . . .

Mass. Gen. L. c. 93 § 103.
      MERA is commonly used to provide relief for handicap discrimination, where a claim falls outside the scope of Chapter 151B. See Greaney supra; Marchant v. Burlington Municipal Employees' Federal Credit Union, 9 Mass. L. Rptr. No. 11, 250 (January 11, 1999) (where employer has less than six employees, it is not subject to suit under c. 151B, but the employee may pursue a discrimination claim under the MERA); Miranda v. Back Bay Publishing Co., 5 Mass. L. Rptr. No. 20, 445, 448 (August 19, 1996) (where employer is a non-profit, and may not be sued under c. 151B, employee is permitted to bring handicap discrimination claim under the MERA); Daigle v. Alexander, 1 Mass. L. Rptr. No. 15, 315, 319 (January 3, 1994) (where c. 151B is inapplicable because the employer employees less than six employees, MERA provides a remedy).

instant matter, and the Panel should grant the Plaintiffs' motion to vacate the CTO as it applies to the Perry Action.

II.    **Argument**

In determining whether or not a potential tag-along case is suitable for consolidation and transfer pursuant to 28 U.S.C. § 1407, the Panel must consider to what extent the putative tag-along case and the other actions centralized by the Panel involve common questions of fact and whether centralization under Section 1407 "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of [the] litigation." In re Unumprovident Corp. Securities, Derivative & "ERISA" Litigation, 280 F.Supp.2d 1377, 1379 (Jud. Pan. Mult. Lit. 2003). Where, as here, the putative tag-along action does not share core issues of fact and transfer would neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation, the Panel clearly should vacate the proposed transfer.

A.    **The Perry Action Should Not Be Transferred Because It Does Not Share Core Factual Issues With the FedEx Class Actions**

The Perry Action should not be transferred because its core factual issues concern FedEx Ground's conduct toward each of the three named individuals in the lawsuit and does not even require resolution of the issue of paramount importance in the In re FedEx actions, namely FedEx Ground's alleged misclassification of statewide classes of drivers as independent contractors rather than employees. In evaluating the commonality of factual issues, the Panel pays particular attention to which issues are "core" to the respective cases, i.e., that are central to resolution of the claims asserted, rather than simply

4

predicating transfer on a majority or identity of common factual issues. See In re Unumprovident, 280 F.Supp.2d at 1380 (allowing transfer where the claims in the tag-along case depended on the same "core factual allegations" as those in the consolidated cases); In re Enron, 227 F.Supp.2d 1389, 1392 (Jud. Pan. Mult. Lit. 2002) (vacating transfer because "the conduct purporting to form the basis for legal liability … is largely distinct from the operative conduct at issue in [the consolidated MDL cases]"); In re Silver Plume Air Crash, 368 F.Supp. 810, 811 (Jud. Pan. Mult. Lit. 1973) (vacating transfer and concluding that only limited common factual issues were raised where case alleged breach of warranty and consolidated actions alleged liability based on the certification and operation of the aircraft); In re Seeburg-Commonwealth, 333 F.Supp. 911, 912 (Jud. Pan. Mult. Lit. 1971) (vacating transfer where the cases' "major issues … relate[d] to a transaction separate and distinct from the later transactions emphasized by the [consolidated actions]," even though both alleged a conspiracy to manipulate the price of the same company's stock).

The mere fact that the Perry Action and the In re FedEx actions all allege that FedEx Ground misclassifies its drivers does not mean that they share a "core factual issue" warranting transfer, because the Perry Action's claims do not "depend" on the resolution of the misclassification question and are not based on FedEx Ground's conduct in misclassifying its drivers. Id.

**B.**    **Transfer of the Perry Action Would Neither Serve the Convenience of the Parties and Witnesses Nor Further the Just and Efficient Conduct of the Litigation**

The Perry Action is not suitable for consolidation under Section 1407 because its transfer would in no way serve the convenience of parties and witnesses or the just and efficient conduct of the In re FedEx actions or the Perry Action.  Many considerations have been invoked in analyzing the convenience, justice, and efficiency of transfer, but recent Panel decisions have emphasized whether "[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to questions of class certification; and conserve the resources of the parties, their counsel, and the judiciary." In re Unumprovident, 280 F.Supp.2d at 1379 (citing In re Enron, 196 F.Supp.2d 1375).  Since none of these considerations weighs in favor of consolidating the Perry Action, its transfer would not be convenient, just, or efficient and should be vacated.

The discovery in the Perry Action will be quite distinct from the discovery in the In re FedEx actions, as it will focus on the facts surrounding the Plaintiffs' terminations.  Because the misclassification question is not necessary to resolution of the Perry Action, the Plaintiffs do not intend to conduct discovery in this case related to the alleged misclassification.  Thus, one of the Panel's central concerns in ordering the consolidation of the In re FedEx actions—overlapping and duplicative discovery—is not implicated in the Perry Action.

With respect to the prevention of inconsistent pretrial rulings, "especially with respect to questions of class certification," it is particularly clear that the

6

Perry Action does not raise the sorts of concerns that warrant transfer under Section 1407. Id. This consideration highlights another key distinction between the Perry Action and the In re FedEx actions, along with, apparently, the majority of actions consolidated under Section 1407: The Perry Action is not a class action. This means, of course, that the Perry Action cannot pose any threat of inconsistency "with respect to questions of class certification," about which the Panel is "especially" concerned. Id. Further, the individual/class distinction between the Perry Action and the In re FedEx actions, combined with the significant distinctions in facts, claims, and issues, also makes it even more unlikely that other sorts of pretrial rulings will be inconsistent.

For example, if a motion to dismiss some or all of the claims in the In re FedEx actions related to the misclassification question were granted or denied, it would not affect the Perry Action, as its claims do not depend on the resolution of that question, and therefore could not be meaningfully "inconsistent" with any pretrial ruling in the Perry Action. Similarly, if a motion to dismiss the Perry Action were granted or denied based on an allegation that the Plaintiffs' contracts with FedEx Ground did not forbid the conduct complained of in the Perry Action, such a ruling would have no effect on, and therefore would not be "inconsistent" with, the In re FedEx actions. Since the Perry Action does not pose any threat of inconsistent pretrial rulings, and "especially" since it is not a class action and therefore cannot create or suffer inconsistency "with respect to questions of class certification," this consideration weighs against centralization under Section 1407. Id.

7

The final consideration cited in recent Panel decisions, the need to "conserve the resources of the parties, their counsel, and the judiciary," echoes the more general goals of convenience, justice, and efficiency, and these goals would best be served by vacating the CTO with respect to the Perry Action. Id. As discussed above, the three Plaintiffs are individuals who allege that they were wrongfully discharged by FedEx Ground, while the In re FedEx actions are alleged class actions largely concerned with the contested legality of FedEx's company-wide policy of classifying its drivers as independent contractors. Since these claims have little relevance to each other, consolidation would be more inconvenient and inefficient, and correspondingly unjust, than in any way beneficial to the conduct of the litigation.

There is no reason for the discovery in the Perry Action to be subsumed within the discovery of the consolidated In re FedEx actions, and be stalled by any potential delays that may occur due to discovery disputes in the consolidated actions. The Plaintiffs in the Perry case will instead require the attention of a Court focused on their specific claims. They should not be required to litigate their claims in a different court from which they filed their action simply because one element of one of their claims overlaps with the core issue central to the consolidated actions. This element is not necessary to the success of their claims and should not overshadow their need for individualized pretrial attention from the District Court in Massachusetts.

8

### III.    Conclusion

For the reasons set forth above, the Perry Action is not suitable for transfer under Section 1407, and the Panel should vacate the conditional transfer order insofar as it applies to the Perry Action.

Respectfully submitted,

RONALD PERRY, JEAN
CAPOBIANCO, and RICHARD SYREK,

By their attorneys,

Shannon Liss-Riordan, BBO #640716
Stephen Young, BBO #662914
PYLE, ROME, LICHTEN, EHRENBERG
    & LISS-RIORDAN, P.C.
18 Tremont Street, 5th Floor
Boston, MA 02108
(617) 367-7200

Dated:        September 29, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all Counsel of record by facsimile on September 29, 2005.

Shannon Liss-Riordan, Esq.

## PANEL SERVICE LIST (Excerpted from CTO-1)
### DOCKET NO. 1700
## IN RE FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION (NO. II)

*Ronald Perry, et al. v. FedEx Ground Package System, Inc.*, D. Massachusetts, C.A. No. 1:05-10976
(Judge William G. Young)

Shannon Liss-Riordan
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C.
18 Tremont Street
5th Floor
Boston, MA 02108

George A. Barton
Law Offices of George A. Barton, P.C.
800 West 47th Street
Suite 700
Kansas City, MO 64112

Evelyn L. Becker
O'Melveny & Myers, LLP
1625 Eye Street, N.W.
Washington, DC 20006-4001

Kevin M. Costello
Levow & Costello
Cherry Hill Plaza
Suite 200
1415 Marlboro Pike East
Cherry Hill, NJ 08034

Edward John Efkeman
Federal Express Corporation
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN 38125

Clayton D. Halunen
Halunen & Associates
220 South Sixth Street
Suite 2000
Minneapolis, MN 55402

Robert I. Harwood
Wechsler, Harwood, LLP
488 Madison Avenue
Suite 801
New York, NY 10022-5726

Dmitri Iglitzin
Schwerin, Campbell & Barnard, LLP
18 West Mercer Street
Suite 400
Seattle, WA 98119-3971

Carla D. Macaluso
Jackson Lewis, LLP
220 Headquarters Plaza
7th Floor, East Tower
Morristown, NJ 07960

Robert E. McDaniel
McDaniel Law Offices
4 Bicentennial Square
Concord, NH 03301

Aaron Roblan
Jackson Lewis
One Union Square
600 University Street
Suite 2900
Seattle, WA 98101

Beth A. Ross
Leonard Carder, LLP
1188 Franklin Street
Suite 201
San Francisco, CA 94109

Dan S. Smith
Dan Solomon Smith, LLC
339 Main Street
Suite 2D
Orange, NJ 07050

Cheryl M. Stanton
Ogletree, Deakins, Nash, Smoak & Stewart, PC
10 Madison Avenue
Suite 402
Morristown, NJ 07960

Richard Tanenbaum
1131 McDonald Avenue
Brooklyn, NY 11230

Donald R. Taylor
Taylor & Dunham
327 Congress Avenue
Suite 600
Austin, TX 78701

Edith A. Thomas
Law Office of Edith A. Thomas
214 North Ridge Drive
Suite B
Fallbrook, CA 92028

Matthew T. Tobin
Johnson, Heidepriem, Miner, Marlow & Janklow
P.O. Box 1107
Sioux Falls, SD 57101-1107

SEP-29-2005 THU 04:40 PM            FAX NO.                    P. 12/19

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

RONALD PERRY, JEAN CAPOBIANCO,
and RICHARD SYREK,

Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEM, INC.,
and FEDEX GROUND PACKAGE SYSTEM,
INC. d/b/a FEDEX HOME DELIVERY,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**JURY DEMANDED**

## FIRST AMENDED COMPLAINT

### I.    INTRODUCTION

1.    The Plaintiffs, Ronald Perry, Jean Capobianco, and Richard Syrek, worked as delivery drivers for the Defendant, FedEx Ground Package System, Inc., or FedEx Home Delivery, a division of FedEx Ground (both referred to here as "FedEx"). Although FedEx classified them as independent contractors, they were in fact employees of FedEx, under state and federal law. They were not at-will employees; instead, their employment relationship with FedEx was governed by a contract containing a provision allowing termination of their contracts for enumerated reasons only. FedEx breached their contracts by terminating them without cause, or for reasons not permitted by their contracts. In addition, by terminating the employment contract of Ronald Perry, FedEx discriminated against

him based upon his handicap in violation of Mass. Gen. L. ch. 151B § 4 and/or Mass. Gen. L. c. 93 § 103.

## II.   PARTIES

2.     Plaintiff Ronald Perry is an adult resident of North Dartmouth, Massachusetts. Mr. Perry was employed as a delivery driver for FedEx Home Delivery from May 2002 until June 2003.

3.     Plaintiff Jean Capobianco is an adult resident of Brockton, Massachusetts. Ms. Capobianco was employed as a delivery driver for FedEx Ground from approximately 2000 to October 2004.

4.     Plaintiff Richard Syrek is an adult resident of East Falmouth, Massachusetts. Mr. Syrek was employed as a delivery driver for FedEx Home Delivery from May 2003 until his termination in September 2004.

5.     Defendant FedEx Ground Package System, Inc. and its division, FedEx Ground Package System, Inc. d/b/a FedEx Home Delivery (hereinafter collectively referred to as "FedEx") is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania.

## III.   JURISDICTION

6.     Jurisdiction is invoked in this Court pursuant to 28 U.S.C. §1332(a), as there is diversity of citizenship between the Plaintiffs and the Defendant, and the matter in controversy exceeds the value of $75,000.

## IV.   STATEMENT OF FACTS

A.     Background Relating to the Contracts Between Plaintiffs and FedEx

7.     Each Plaintiff was party to a form contract with FedEx establishing the terms and conditions of employment of the Plaintiffs.

2

8.     The form contract between the Plaintiffs and the Defendant states that the Defendant may unilaterally terminate the contract only if the Plaintiff engages in or allows certain intentional misconduct or reckless or willfully negligent conduct in the operation of company equipment, or if the Plaintiff "breaches or fails to perform the contractual obligations imposed by th[e] Agreement."

9.     Though the contracts labeled the Plaintiffs as independent contractors, the control manifested over the Plaintiffs by the Defendant, as well as other relevant factors under state and federal law, demonstrates that the Plaintiffs were employees rather than independent contractors. As such, the Defendant is an employer subject to the requirements of Mass. Gen. L. c. 151B with respect to the Plaintiffs.

B.     <u>Facts Relating to Plaintiff Ronald Perry</u>

10.     On or about May 3, 2003, Plaintiff Ronald Perry suffered an on-the-job back injury when he stepped into a pothole, thus rendering him handicapped under Chapter 151B pursuant to Mass. Gen. L. c. 152 § 75B. Mr. Perry reported his injury to the Terminal Manager at the Defendant's Wareham, Massachusetts, facility.

11.     Mr. Perry remained out of work until May 28, 2003, the day after his doctor cleared him to return to work.

12.     At no time did Mr. Perry engage in or allow any intentional misconduct or reckless or willfully negligent conduct relating to the use of company equipment.

3

13.    At no time did Mr. Perry breach or fail to perform the contractual obligations imposed on him by the form contract.

14.    The Defendant unilaterally terminated Mr. Perry's contract on or about June 4, 2003, for no reason permitted by his contract.

15.    The Defendant discharged Mr. Perry from employment due to his handicap: his on-the-job injury.

16.    Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 151B, Mr. Perry has exhausted his administrative remedy by filing his discrimination claims with the Massachusetts Commission Against Discrimination.

C.    Facts Relating to Plaintiff Jean Capobianco

17.    In or about August 2004, Plaintiff Jean Capobianco was diagnosed with ovarian cancer. Ms. Capobianco reported her diagnosis to the Terminal Manager at the Defendant's Brockton, Massachusetts, facility.

18.    Due to her cancer, Ms. Capobianco was forced to go out of work to undergo surgery and further cancer treatments, which she reported to the Defendant, through its supervisory and management officials. In this regard, Ms. Capobianco requested to go on a medical leave of absence, but the Defendant never responded to her request.

19.    At no time did Ms. Capobianco engage in or allow any intentional misconduct or reckless or willfully negligent conduct relating to the use of company equipment.

4

20.    At no time did Ms. Capobianco breach or fail to perform the contractual obligations imposed on her by the form contract.

21.    The Defendant unilaterally terminated Ms. Capobianco's contract on or about October 26, 2004, while she was still out on medical leave, for no reason permitted by her contract.

22.    It would not have been an undue burden for Defendant to have allowed Ms. Capobianco the medical leave she required.

D.    Facts Relating to Plaintiff Richard Syrek

23.    In or around September 2004, Mr. Syrek was terminated for allegedly leaving the scene of an accident without following the proper FedEx protocol.

24.    Mr. Syrek did not in fact violate any term of his contract with FedEx.

25.    At no time did Mr. Syrek engage in or allow any intentional misconduct or reckless or willfully negligent conduct relating to the use of company equipment.

26.    At no time did Mr. Syrek breach or fail to perform the contractual obligations imposed on him by the form contract.

27.    The Defendant unilaterally terminated Mr. Syrek's contract on or about September 8, 2004, for no reason permitted by his contract.

28.    All of the Plaintiffs suffered significant damages because of the termination of their contracts. These damages include, not only their lost pay and emotional distress, but also loss of investments they made in their employment, such as purchasing or leasing their delivery trucks and other investments.

## COUNT I

Defendant's conduct as set forth above, in unilaterally terminating the

Plaintiffs' contracts for no reason permitted by their contract, constitutes breach of

contract under state common law.

## COUNT II

### MASSACHUSETTS GENERAL LAWS CHAPTER 151B § 4

Defendant's conduct as set forth above, in terminating Mr. Perry and Ms.

Capobianco due to their handicaps, violates Mass. Gen. L. c. 151B, § 4.

## COUNT III

### MASSACHUSETTS GENERAL LAWS CHAPTER 93 § 103

Defendant's conduct as set forth above, in terminating Mr. Perry and and

Ms. Capobianco due to their handicaps, violates Mass. Gen. L. c. 93 § 103.


## JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:
all damages resulting from the Defendant's breach of contract with the Plaintiffs,
as well as any other relief to which the Plaintiffs may be entitled, including
reinstatement, back pay, front pay, lost benefits, emotional distress damages,
punitive damages, and attorneys' fees and costs.

Respectfully submitted,

RONALD PERRY, JEAN CAPOBIANCO,
and RICHARD SYREK,

By their attorneys,

*Shannon Liss-Riordan/BL*

Shannon Liss-Riordan, BBO #640716
Alfred Gordon, BBO #630456
Stephen Young, BBO #662914
PYLE, ROME, LICHTEN, EHRENBERG
& LISS-RIORDAN, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Dated:      September 7, 2005

7

# EXHIBIT F

RECEIVED
CLERK'S OFFICE

2005 OCT 19 P 12: 08

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re FEDEX GROUND PACKAGE SYSTEM, )
INC. EMPLOYMENT PRACTICES )          MDL No. 1700
LITIGATION II )

FEDEX GROUND PACKAGE SYSTEM, INC.'S RESPONSE TO THE *PERRY*
PLAINTIFFS' MOTION TO VACATE THE PANEL'S
CONDITIONAL TRANSFER ORDER

Pursuant to 28 U.S.C. § 1407 and Rule 7.2(c) of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation ("RPJPML"), FedEx Ground Package System, Inc. ("FedEx

Ground") respectfully submits this response to the Plaintiffs' Motion to Vacate the Panel's

Conditional Transfer Order, filed by Plaintiffs in *Perry v. FedEx Ground* (D. Mass.). Transfer of

this case is warranted and necessary to achieve the purposes of 28 U.S.C. § 1407, as the case

implicates the same basic issues as those cases this Panel has already transferred for coordinated

pretrial proceedings—namely, issues surrounding the proper classification of the owner-

operators who provide pick-up, transportation, and delivery services in support of FedEx Ground's nationwide transportation system.

Plaintiffs make two key arguments in their effort to prevent transfer of their case to the MDL proceedings. First, they contend that their case does not share significant factual issues with those cases that are subject to the MDL Proceedings. Second, they claim that transfer of their case would not serve the convenience of the parties and would not further the just and efficient conduct of the litigation. Plaintiffs are wrong on both counts.

A simple review of the *Perry* amended complaint (the "Complaint") reveals that a threshold question presented in that case is the proper classification of the named plaintiffs. The complaint alleges that the named plaintiffs are "employees" and, as Plaintiffs acknowledge, two of the three counts alleged in their action turn on their classification as either independent contractors or employees. As such, the position that their case does not implicate similar issues the other MDL actions share is simply not true.

Given this fact, the litigation of Plaintiffs' claims will involve overlapping discovery and legal determinations with the cases pending before the MDL Court. Indeed, a case currently subject to the MDL proceedings, *Sheehan v. FedEx Ground* (D. Mass.), seeks a determination that a class of independent contractors, including the three named *Perry* plaintiffs, are in fact employees. (*See* Ex. 1 (*Sheehan* Compl.).) Accordingly, uncoordinated pretrial proceedings in these cases will create a serious risk of inconsistent judgments on the classification question and, despite Plaintiffs claims to the contrary, the discovery in both cases on the question of independent contractor status will necessarily overlap. Moreover, the lead plaintiff in *Perry*, Ronald Perry, is a named plaintiff in the *Sheehan* action, and both cases are brought by the same attorneys.

2

In light of the foregoing, transfer and coordination of this case for pretrial purposes is not only appropriate, it is necessary for the convenience of the parties and witnesses and for the interests of judicial economy.

## I.    BACKGROUND

The *Perry* action is a suit brought on behalf of three former contractors. The suit contains three counts. The first alleges that FedEx Ground breached its alleged "employment" contracts with each named plaintiff. The second and third counts each allege that Plaintiffs Perry and Capobianco were discriminated against on the basis of handicap. As Plaintiffs acknowledge, the second count requires a finding that the two plaintiffs are employees; the third applies only if they are found to be independent contractors.

On August 30, 2005, this Panel issued its first Conditional Transfer Order ("CTO I"), transferring this case, along with eight others, to the MDL proceedings in the U.S. District Court for the Northern District of Indiana (the "MDL Court") assigned to Chief Judge Robert L. Miller, Jr. In so doing, the Panel noted that "[i]t appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Northern District of Indiana and assigned to Judge Miller." (Ex. 2 at 1.) The Panel had previously determined that MDL proceedings were required for fifteen other cases based on the fact that those actions, "at some level, share common factual questions arising from the classification of certain package delivery drivers as independent contractors rather than employees." *In re FedEx Ground Package System, Inc., Employment Practices Litig. (No. II)*, 381 F. Supp. 2d 1380, 1380 (J.P.M.L. 2005) ("*In re FedEx Ground*"). In addition to CTO I, the Panel has issued two additional Conditional Transfer Orders, transferring seven additional cases

3

to the Northern District of Indiana.[1]  As of the filing of this brief, the *In re FedEx Ground* MDL includes 31 cases.[2]

Plaintiffs filed a Notice of Opposition to transfer on September 14, 2005.  The pending motion was filed on September 29, 2005, and represents the only objection to CTO I.

## II.    ARGUMENT

The Panel may transfer civil cases to a single district court for coordinated pretrial proceedings upon a determination that: (a) the cases "involv[e] one or more common questions of fact;" (b) the transfers would further "the convenience of the parties and witnesses;" and (c) the transfers "will promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). Transfer and coordination of cases under § 1407 is appropriate where, as here, such procedures will eliminate the possibility of inconsistent rulings and prevent the duplication of discovery. *See In re Litig. Arising from Termination of Retirement Plan for Employees of Fireman's Fund Ins. Co.*, 422 F. Supp. 287, 290 (J.P.M.L. 1976); *In re LTV Corp. Sec. Litig.*, 470 F. Supp. 859, 862 (J.P.M.L. 1979); *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 752 (E.D.N.Y. 1984).  As set forth below, each of these requirements is satisfied in this instance, and transfer of *Perry* to the MDL proceedings is therefore appropriate.

### A.    *Perry* **Implicates the Same Threshold Issue as Those Cases Subject to the MDL Proceedings**

A threshold issue in the *Perry* action is whether the three plaintiffs in that suit are

---

[1]     FedEx Ground has received no notice of opposition from any of the plaintiffs in cases subject to CTO II or CTO III.  Accordingly, it assumes none were filed and all of those cases are in the process of being transferred to the MDL Court.

[2]     In addition to the fifteen cases transferred subject to the Panel's Transfer Order, the eight actions transferred subject to CTO I, the two actions transferred subject to CTO II, and the five actions transferred subject to CTO III, the MDL Court transferred one action to the MDL proceedings that was already pending in the Northern District of Indiana.

employees or independent contractors, thereby implicating, "at some level, . . . questions arising from the classification of certain package delivery drivers as independent contractors rather than employees." *In re FedEx Ground*, 381 F. Supp. 2d at 1380. It is clear from the plain text of the complaint that Plaintiffs, like those in the MDL cases, have taken the position that they are employees. For example, they allege:

- "Although FedEx classified them as independent contractors, they were in fact employees of FedEx, under state and federal law. They were not at-will employees; instead, their employment relationship with FedEx was governed by a contract containing a provision allowing termination of their contracts for enumerated reasons only." (Ex. 3 (Pls.' Am. Compl.) ¶ 1.)

- Defendant terminated "the employment contract of Ronald Perry...." (*Id.*)

- "Mr. Perry was employed as a delivery driver for FedEx Home Delivery...." (*Id.* ¶ 2.)

- "Ms. Capobianco was employed as a delivery driver for FedEx Ground...." (*Id.* ¶ 3.)

- "Mr. Syrek was employed as a delivery driver for FedEx Home Delivery...." (*Id.* ¶ 4.)

- "Each Plaintiff was party to a form contract with FedEx establishing the terms and conditions of employment with Plaintiffs." (*Id.* ¶ 7.)

- "Though the contracts labeled the Plaintiffs as independent contractors, the control manifested over Plaintiffs by the Defendant, as well as other relevant factors under state and federal law, demonstrates that the Plaintiffs were employees rather than independent contractors. As such, the Defendant is an employer subject to the requirements of Mass. Gen. L. c. 151B with respect to the Plaintiffs." (*Id.* ¶ 9.)

- "The Defendant discharged Mr. Perry from employment...." (*Id.* ¶ 15.)

- "All of the Plaintiffs suffered significant damages because of the termination of their contracts[, including] loss of investments they made in their employment, such as purchasing or leasing their delivery trucks and other investments." (*Id.* ¶ 28.)

Despite this repetitive insistence that Plaintiffs are employees, a position contrary to the

5

terms of the contract they claim was breached, Plaintiffs represent to this Panel that "it is immaterial whether the plaintiffs were employees or independent contractors." (Pls.' Mot. to Vacate the Panel's Conditional Transfer Order & Mem. in Supp. Thereof ("Pls.' Mot.") at 2.)

This clearly is not the case. As Plaintiffs acknowledge, "one element of one of their claims overlaps with the core issue central to the consolidated actions." (*Id.* at 8.) Indeed, the uncertainty of Plaintiffs' claim to employment status necessitated the pleading of alternative theories of discrimination in their Complaint "in order to ensure that they may pursue their discrimination claims whatever the eventual outcome is of the issue as to whether FedEx Ground drivers are employees or independent contractors." (*Id.* at 3.) This fact clearly belies their unsupported statements that the independent contractor question "does not need to be resolved by the *Perry* action," and that their "claims do not 'depend' on the resolution of the misclassification question . . . ." (*Id.*) It is evident that any court hearing Plaintiffs' claims will have to make an initial determination of their proper classification prior to deciding their discrimination claims. This point is confirmed by *Greaney* case, cited by Plaintiffs. *Greaney v. Heritage Hosp.*, No. CA 952547, 1995 WL 1146185, at *3 (Mass. Super. Dec. 28, 1995) ("Plaintiff may proceed on alternative theories *until such time as his status is resolved*.") (emphasis added). Thus while the *Perry* plaintiffs might believe that they will recover under either theory and therefore their claims do not "depend" the issue of their classification, it is clear that whatever the outcome of their claims, a decision on their classification must precede any discrimination determination.

In this respect, *Perry* resembles the *Capers* and *Johnson* cases transferred to the MDL proceedings in the Panel's August 10, 2005, transfer order. In both of those cases, the independent contractor question is a threshold inquiry that will determine whether or not they are

6

protected by the employment discrimination laws on which they brought suit. The Panel recognized that those cases differed from the bulk of the cases transferred for MDL proceedings, but nonetheless transferred them, noting that plaintiffs in those actions would recognize the benefits of coordination and that the MDL Court can remand those cases when it is appropriate to do so. *In re FedEx Ground*, 381 F. Supp. 2d at 1380.

The cases Plaintiffs cite to in their attempt to justify their position only demonstrates the propriety of transfer in this case. (*See* Pls.' Mot. at 5.) In two of the cases, the subject matter of the potential tag-along actions were distinct from those subject to the MDL proceedings. *See In re Enron Corp. Secs.*, 227 F. Supp. 2d 1389 (J.P.M.L. 2002) (finding tag-along actions were brought by and on behalf of shareholders and bondholders of a *different company* and complained of *conduct distinct* from that which formed the basis of the claims in the pending MDL proceedings); *In re Seeburg-Commonwealth United Merger*, 333 F. Supp. 911, 912 (J.P.M.L. 1971) (finding tag-along actions brought claims related to "a transaction separate and distinct from" transactions which formed the basis of the MDL proceedings). In the third and final case Plaintiffs cite, *In re Silver Plume Air Crash*, the Panel denied transfer in part because the theory of liability between the tag-along action and the MDL cases differed. *In re Silver Plume Air Crash*, 368 F. Supp. 810, 811 (J.P.M.L. 1973) (noting the tag-along action raised breach of warranty claims while the MDL cases raised claims based on "the certification and operation of the aircraft"). This decision is readily distinguishable from the present situation. *Perry* implicates comparable threshold factual and legal issues. Moreover, the Panel's decision in *In re Silver Plume Air Crash* was also predicated on the fact that discovery in the tag-along action was "far advanced," and the perception that plaintiffs were using "Section 1407 as a means of further delaying a final resolution of their claims . . . ." *Id.* Neither of those factors is

present here.

Clearly, the independent contractor question is a threshold inquiry in *Perry*, as it is for those cases pending in the MDL 1700 proceedings, and therefore transfer to the Northern District of Indiana is warranted.[3]

### B.    Failure to Transfer *Perry* to the MDL Proceedings Risks Inconsistent Rulings and will Lead to Duplicative Discovery.

Given the fact that the independent contractor status question is a threshold issue in the *Perry* action, it is evident that transferring this case is "necessary in order to eliminate duplicative discovery, [and] prevent inconsistent pretrial rulings . . . ." *In re FedEx Ground*, 381 F. Supp. 2d at 1380. Each of the *Perry* plaintiffs is a purported member of the putative class alleged in the *Sheehan* case, now pending before the MDL Court, which seeks a declaration that the putative class members are employees.[4] (*See* Ex. 2.) Accordingly, in the absence of coordination, there is a serious risk of inconsistent rulings on the question of the *Perry* plaintiffs' independent contractor status. Moreover, the fact that the *Sheehan* and *Perry* cases raise questions regarding the proper classification of plaintiffs necessarily means that discovery in the two cases will overlap. Coordination of the *Perry* case is therefore needed to "ensur[e] that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in other actions," *In re FedEx Ground*, 381 F. Supp. 2d at 1380, and thereby further "the convenience of the parties and witnesses," 28 U.S.C. § 1407(a).

---

[3]     Even if, as Plaintiffs claim, their proper classification is "immaterial" to their breach of contract claim (Pls.' Mot. at 2), this factor does not preclude transfer. As the Panel noted, "the presence of additional or differing legal theories is outweighed when the underlying actions still arise from a common factual core, as the actions here do." *In re FedEx Ground*, 381 F. Supp. 2d at 1380.

[4]     As noted *supra*, Plaintiff Perry is also a named plaintiff in the *Sheehan* action.

Plaintiffs downplay the risks of duplicative discovery and inconsistent judgments, relying mostly on their erroneous assertion that their case does not depend on the resolution of the classification issue. (*See* Pls.' Mot. at 6; *see also id.* at 2 (contending that the resolution of their status is "immaterial" to their claims).) They allege that they "do not intend to conduct discovery . . . related to the alleged misclassification," (*id.* at 6),[5] but given the threshold nature of the "alleged misclassification" question, it would appear that Plaintiffs' plan will likely be modified, especially since FedEx Ground intends to argue that their Chapter 151B claim is inapplicable due to Plaintiffs' independent contractor status. Otherwise, it is unclear how Plaintiffs intend to establish their alleged employee status. Even if Plaintiffs' prediction that they will not seek any discovery related to their independent contractor status in fact occurs, discovery in their case is still likely to overlap with that which will be conducted pursuant to the MDL proceedings. Plaintiffs will likely seek depositions of the same terminal, regional, and corporate witnesses who will be deposed as part of the MDL proceedings.

Plaintiffs also contend that inconsistent rulings stemming from their case proceeding separately from the MDL proceedings are "unlikely." (*Id.* at 7.) In support of their position they note that unlike most of the cases pending before the MDL Court, theirs is not a class action. (*Id.*) They contend that "significant distinctions in facts, claims, and issues" makes inconsistent rulings unlikely. (*Id.*)

Plaintiffs may well be correct that there are significant distinctions in the facts between their case and the ones pending before the MDL Court, as there likely are among the cases subject to the MDL proceedings—a factor that will likely preclude class treatment of the cases before the MDL Court. But there is a significant risk of inconsistent rulings stemming from the

---

[5]    It is worth noting that Plaintiffs have not ruled out the need for classification-based discovery.

pending *Sheehan* putative class action, to which Plaintiff Perry is a named plaintiff and which is brought by the same attorneys representing the *Perry* plaintiffs. As noted above, the manner in which the *Perry* action is pled necessitates a determination as to Plaintiffs' proper worker classification. The *Sheehan* action seeks a determination that the members of its putative class were incorrectly classified as independent contractors, a determination that would cover the *Perry* plaintiffs, and thereby potentially conflict with the *Perry* court's determination of their appropriate classification.

Accordingly, it is clear that failure to transfer *Perry* to the MDL proceedings will result in duplicative discovery and runs the risk of inconsistent rulings.

**C.     Transfer Will Serve Judicial Economy and Promote the Efficient Conduct of the Litigation**

Given the overlapping issues, likely overlapping discovery and risk of inconsistent judgments detailed above, it is clear that transferring *Perry* to the MDL proceedings will promote the efficient conduct of the litigation and conserve the resources of the litigants and the judiciary. Although Plaintiffs contend that transfer will not promote efficiency, it is plain that even they will benefit from having their case coordinated with the others pending before the MDL Court.

First, it is clear that having one judge decide pre-trial classification issues and potential discovery disputes will serve the interest of judicial economy. Judicial economy will also clearly be served by a single judge considering independent contractor status issues at summary judgment. The Panel has already determined that the transfer of actions raising discrimination claims that, similar to *Perry*, implicate the classification issue,

> offer[s] the benefit of placing all actions . . . before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties are witnesses are not subjected to discovery

> demands that duplicate activity that will occur or has already occurred in other actions. . . . Section 1407 centralization with thus enable pretrial proceedings to be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

*In re FedEx Ground*, 381 F. Supp. 2d at 1380. Second, Plaintiffs' counsel also represents plaintiffs in the *Sheehan* case which is subject to the MDL proceedings, eliminating most of the inconvenience the transfer may cause. Plaintiffs' counsel can ensure that issues affecting both cases are handled in the most expeditious and efficient manner possible. Finally, there is little reason to believe that Plaintiffs will suffer much if any delay from a transfer. The Panel has explicitly noted that case-specific discovery "can proceed concurrently with discovery on common issues." *Id.*

Thus, it is evident that transfer of this case would serve the interest of judicial economy and will conserve the resources of the litigants.

### III.    CONCLUSION

For the reasons set forth above, the transfer of *Perry* will serve "the convenience of parties and witnesses and [will] promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). Accordingly, FedEx Ground respectfully requests that the Panel enter an order transferring *Perry* to the Northern District of Indiana for coordinated pre-trial proceedings with the cases already transferred to that forum.

11

Dated: October 19, 2005

Respectfully Submitted,

John H. Beisner
Evelyn L. Becker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
(202) 383-5300
*Counsel for FedEx Ground Package System, Inc.*

RECEIVED
CLERK'S OFFICE

2005 OCT 19 P 12: 08

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

## CERTIFICATE OF SERVICE

I hereby certify that on this ___19th___ day of October, 2005, a true and correct copy of the foregoing Response To The Perry Plaintiffs' Motion To Vacate The Panel's Conditional Transfer Order was served by U.S. mail on the following:

| | |
|---|---|
| Wayne W. Hansen<br>Aaron A. Roblan<br>Karen P. Kruse<br>Jackson Lewis LLP<br>One Union Square<br>600 University Street, Suite 2900<br>Seattle, WA 98101<br>(206) 405-0404<br><br>*Attorneys for FedEx Ground Package System, Inc., John Schnebeck, and Cheryl Pilakowski* | Lynn Rossman Faris<br>Leonard Carder, LLP<br>1330 Broadway, Suite 1450<br>Oakland, CA 94612<br><br>*Attorney for Plaintiffs Dean Alexander, Suzanne Andrade, Jarrett Henderson, Ely Ines, Paul Infantino, Jorge Isla, Bernard Mendoza, Jesse Padilla, Joey Rodriguez & Allan Ross* |
| Beth A. Ross<br>Leonard Carder, LLP<br>1330 Broadway Avenue<br>Suite 1450<br>Oakland, CA 94612<br><br>*Attorney for Plaintiffs Dean Alexander, Suzanne Andrade, Jarrett Henderson, Ely Ines, Paul Infantino, Jorge Isla, Bernard Mendoza, Jesse Padilla, Joey Rodriguez & Allen Ross* | George A. Barton<br>Law Offices of George A. Barton, PC<br>800 W. 47th Street, Suite 700<br>Kansas City, MO 64112<br><br>*Attorney for Plaintiffs Carlene M. Craig, Keith Barry, Jeff Bramlage, Janie L. Foster, Terry Goodman, Lawrence Liable, Mike Moore, Abe Payne, Leo Rittenhouse & Kent Whistler* |
| Larry L. Luttjohann<br>6301 SW 25th<br>Topeka, KS 66614<br><br>*Attorney for Plaintiffs Carlene M. Craig, Keith Barry, Jeff Bramlage, Janie L. Foster, Terry Goodman, Lawrence Liable, Mike Moore, Abe Payne, Leo Rittenhouse & Kent Whistler* | John A. Smietanka<br>Anne Buckleitner<br>Smietanka Law Office<br>O-155 44th Street, SW<br>Suite 1<br>Grandville, MI 40418<br><br>*Attorneys for Plaintiffs James Lester, James Kassuba & Ryan Tomaski* |

| | |
|---|---|
| Edith A. Thomas<br>214 North Ridge Drive<br>Suite B<br>Fallbrook, CA 92028<br><br>*Attorneys for Plaintiffs James Lester,<br>James Kassuba & Ryan Tomaski* | Dan S. Smith<br>Dan Solomon Smith, LLC<br>339 Main Street<br>Suite 2D<br>Orange, NJ 07050<br><br>*Attorney for Plaintiffs Jessie Capers, Tariq<br>Baskerville, Elaine Muldrow, Patrick Ngei,<br>& Gitonga Waiguchu* |
| Carla D. Macaluso<br>John M. Nolan<br>Jackson Lewis LLP<br>220 Headquarters Plaza<br>7th Floor, East Tower<br>Morristown, NJ 07960<br><br>*Attorneys for Defendants Federal Express<br>Corp., FedEx Ground, Joe Collins, Tom<br>Dimaio, Tyrone Gaskins, Jim Gelhausen,<br>& Albert Rettinger* | Richard Tanenbaum, Esq.<br>1131 McDonald Avenue<br>Brooklyn, NY 11230<br><br>*Attorney for Plaintiffs Curtis Johnson &<br>Margaret Johnson* |
| Salvatore G. Gangemi<br>Gangemi, Mango & Iacoviello, LLP<br>14 Penn Plaza, Suite 2200<br>New York, NY 10122<br><br>*Attorney for Plaintiffs Larry Louzau,<br>Thomas Frasca & Charles Malkin* | Peter W. Overs, Jr.<br>Robert Ira Harwood<br>Wechsler Harwood LLP<br>488 Madison Avenue, 8th Floor<br>New York, NY 10022<br><br>*Attorney for Plaintiffs Larry Louzau,<br>Thomas Frasca & Charles Malkin* |
| SuAnne Hardee Bryant<br>Bryant & Associates, P.C.<br>1105 Eden Square<br>Chesapeake, VA 23320-2750<br><br>*Attorney for Plaintiff Bradley D. Gregory* | Lawrence Schwerin<br>Dmitri Iglitzin<br>Schwerin Campbell Barnard<br>18 West Mercer Street, Suite 400<br>Seattle, WA 98119<br><br>*Attorneys for Randy Anfinson, James<br>Geiger, and Steven Hardie* |

| | |
|---|---|
| Robert Brian Milligan<br>James M. Nelson<br>Seyfarth Shaw<br>400 Capitol Mall, Suite 2350<br>Sacramento, CA 95814-4428<br><br>*Attorneys for Defendant FedEx Ground*<br>*Package System, Inc.* | Kara Marie Dorssom<br>John J. Yates<br>Husch & Eppenberger, LLC<br>1200 Main Street, Suite 1700<br>Kansas City, MO 64105<br><br>*Attorneys for Defendant FedEx Ground*<br>*Package System, Inc.* |
| Marjory G. Basile<br>150 W. Jefferson<br>Suite 2500<br>Detroit, MI 48226-4415<br><br>*Attorney for Defendants Federal Express*<br>*Corp., FedEx Ground Package System, Inc.*<br>*& FedEx Home Delivery* | John Ralph Lockard<br>Vandeventer Black LLP<br>500 World Trade Center<br>Norfolk, VA 23510<br><br>*Attorney for Defendant FedEx Corp.* |
| Edward John Efkeman<br>Federal Express Corporation<br>3620 Hacks Cross Rd<br>3rd Floor<br>Memphis, TN 38125<br><br>*Attorney for Defendant Federal Express*<br>*Corp.* | Rafael Eloy Morell<br>Michael Joseph Murphy<br>Ogletree Deakins Nash Smoak & Stewart<br>PC<br>2400 N Street, NW<br>5th Floor<br>Washington, DC 20037<br><br>*Attorney for Defendant FedEx Ground*<br>*Package System, Inc.* |
| Martin S. Garfinkel<br>William Rutzick<br>Schroeter, Goldmark & Bender<br>500 Central Building<br>810 Third Avenue<br>Seattle, WA 98104<br>(206) 622-8000<br><br>*Attorneys for Randy Anfinson, James*<br>*Geiger, and Steven Hardie* | Donald R. Taylor<br>David E. Dunham<br>Steven D. Urban<br>Taylor & Dunham, L.L.P.<br>327 Congress Avenue, Suite 600<br>Austin, Texas 78701<br>(512) 473-2257<br><br>*Attorneys for John Humphreys, David*<br>*Meredith, and Jeffrey Quebe* |

| | |
|---|---|
| Matthew T. Tobin<br>Ronald A. Parsons, Jr.<br>Kimberly J. Lanham<br>Johnson, Heidepriem, Miner, Marlow &<br>Janklow, L.L.P.<br>P.O. Box 1107<br>Sioux Falls, SD 57101-1107<br><br>*Attorneys for Kimberly A. Bunger, Darrell<br>Engbrecht, John F. Esculano, Jay Heintz,<br>Steve Persing, and Chad Viereck* | Kevin M. Costello<br>Levow & Costello<br>Cherry Hill Plaza<br>Suite 200<br>1415 Marlton Pike East<br>Cherry Hill, New Jersey 08034<br><br>*Attorney for Michael B. Kilmartin* |
| Clayton D. Halunen<br>Joni M. Thome<br>Halunen & Associates<br>220 South 6th Street<br>Suite 2000<br>Minneapolis, MN 55402<br>Tel. (612) 605-4098<br><br>*Attorneys for Katrina Lee, Magnus B.<br>Conroy, Gary Miyazaki, Femi Onayiga and<br>Gerald Pelkey*<br><br>*Attorneys for Michael Griffin, Diane<br>Gordon and Clarence Kelly*<br><br>*Attorneys for Roger Riewe, David Stacy,<br>Jeffrey Shelton, Harold Bennett, and<br>Rodney Owens*<br><br>*Attorneys for Arthur Smith, Rachelle<br>Westbrook, Buddy D. Johnson, Robert<br>Erbentraut, Herbert Humphrey, Debbie<br>Lindsey, and John Lindsey*<br><br>*Attorneys for Tim Johnson*<br><br>*Attorneys for Darren Zabrocki* | Charles N. Nauen<br>William A. Gengler<br>Susan E. Ellingstad<br>Lockridge Grindal Nauen P.L.L.P.<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis, MN 55401<br>Tel. (612) 339-06900<br><br>*Attorneys for Katrina Lee, Magnus B.<br>Conroy, Gary Miyazaki, Femi Onayiga and<br>Gerald Pelkey*<br><br>*Attorneys for Michael Griffin, Diane<br>Gordon and Clarence Kelly*<br><br>*Attorneys for Roger Riewe, David Stacy,<br>Jeffrey Shelton, Harold Bennett, and<br>Rodney Owens*<br><br>*Attorneys for Arthur Smith, Rachelle<br>Westbrook, Buddy D. Johnson, Robert<br>Erbentraut, Herbert Humphrey. Debbie<br>Lindsey, and John Lindsey*<br><br>*Attorneys for Tim Johnson*<br><br>*Attorneys for Darren Zabrocki* |

| | |
|---|---|
| J. Gordon Rudd<br>Anne T. Regan<br>Zimmerman Reed, P.L.L.P.<br>651 Nicollet Mall<br>Suite 501<br>Minneapolis, MN 55401<br>Tel. (612) 341-0400<br><br>*Attorneys for Katrina Lee, Magnus B. Conroy, Gary Miyazaki, Femi Onayiga and Gerald Pelkey*<br><br>*Attorneys for Michael Griffin, Diane Gordon and Clarence Kelly*<br><br>*Attorneys for Roger Riewe, David Stacy, Jeffrey Shelton, Harold Bennett, and Rodney Owens*<br><br>*Attorneys for Arthur Smith, Rachelle Westbrook, Buddy D. Johnson, Robert Erbentraut, Herbert Humphrey, Debbie Lindsey, and John Lindsey*<br><br>*Attorneys for Tim Johnson*<br><br>*Attorneys for Darren Zabrocki* | Michael Johnson<br>Halunen & Associates<br>415 North LaSalle St.<br>Suite 203<br>Chicago, IL 60610<br><br>*Attorney for Michael Griffin, Diane Gordon and Clarence Kelly* |
| Cheryl M. Stanton<br>Ogletree, Deakins, Nash, Smoak, and Stewart<br>10 Madison Avenue, Suite 402<br>Morristown, New Jersey 07960<br><br>*Attorney for FedEx Ground Package System Inc. and FedEx Home Delivery* | David J. Duddleston<br>Mary L. Senkbeil<br>Jackson Lewis LLP<br>150 South Fifth Street Towers, Suite 1450<br>Minneapolis, MN 55402<br><br>*Attorneys for FedEx Ground Package System Inc. and FedEx Home Delivery* |

| | |
|---|---|
| Susan Brunick Simons<br>Davenport, Evans, Hurwitz & Smith, L.L.P.<br>206 West 14th Street<br>P.O. Box 1030<br>Sioux Falls, SD 57104<br><br>*Attorney for FedEx Ground Package System Inc. and FedEx Home Delivery* | Robert E. McDaniel<br>The McDaniel Law Offices<br>4 Bicentennial Square<br>Concord, NH 03301<br><br>*Attorney for Robert Gennell, Jr., Donald Swazey, Gary Terrio, Kenneth M. Ries, Craig Batley, Ralph Beaulieu, Donald Bumford, Dennis Burns, Ted Blaisdell, Joseph Condi, Michael Detrimont, Mark Gagnon, Paul Gendron, Ricard N. Gioiosa, David Glidden, Robert Grunditz, James Hall, Jr., William Hurley, Michelle Jones, Marie LaRoche, Gary Lucier, Kenneth Parnell, Keith Repack, Mario Russo, Jay Trachim, and Christopher Van Lenten* |
| Shannon Liss-Riordan<br>Alfred Gordon<br>Pyle Rome, Lichten, Ehrenberg, & Liss-Riorden<br>18 Tremont Street, 5th Floor<br>Boston, MA 02108<br><br>*Attorneys for Edward Sheehan, Ronald Perry, Randy Azzato, and Alan Pacheco*<br><br>*Attorneys for Ronald Perry, Jean Capobianco, and Richard Syrek* | Ian Morrison<br>Sarah Chomiak<br>Seyfarth Shaw LLP<br>55 East Monroe Street<br>Suite 4200<br>Chicago, Illinois 60603<br><br>*Attorneys for FedEx Ground Package System, Inc. and FedEx Home Delivery* |

| | |
|---|---|
| Peter N. Wasylyk<br>Law Offices of Peter N. Wasylyk<br>1307 Chalkstone Avenue<br>Providence, RI 02908<br><br>*Attorney for Raymond Tierney, Wayne F. Mills, Jr., Alan Ginet, Eric J. Moss, Sammy Farland, Donald J. McClafferty, Ricardo Bacani, Paul Luongo and Stephen H. McGuiness*<br><br>*Attorney for Plaintiff Edward Slayman* | Wood R. Foster Jr.<br>Jordan M. Lewis<br>Siegel, Brill, Greupner, Duffy & Foster, P.A.<br>1845 Walnut Street, 24th Floor<br>Philadelphia, PA 19103<br><br>*Attorneys for Raymond Tierney, Wayne F. Mills, Jr., Alan Ginet, Eric J. Moss, Sammy Farland, Donald J. McClafferty, Ricardo Bacani, Paul Luongo and Stephen H. McGuiness*<br><br>*Attorneys for Gary Lee Larson, d/b/a Drop N Run, Inc., Dominic R. Lupo, Kevin Woodruff, and Kevin E. Peterson*<br><br>*Attorneys for Plaintiff Edward Slayman* |
| Andrea Johnstone<br>Gallagher, Callahan & Gartrell, PA<br>214 North Main Street<br>P.O. Box 1415<br>Concord, NH 03302-1415<br><br>*Attorney for FedEx Ground Package System Inc., and FedEx Home Delivery* | Wes Chused<br>Looney & Grossman LLP<br>101 Arch Street<br>Boston, MA 02110<br><br>*Attorney for FedEx Ground Package System, Inc., and FedEx Home Delivery* |
| Jerald R. Cureton<br>Carlo Scaramella<br>Anthony L. Marchetti, Jr.<br>Cureton Caplan, P.C.<br>950 B. Chester Avenue<br>Delran, NJ 08075<br><br>*Attorneys for Michael Tofaute, Francis Dennis Lynch, Thomas Mikulski, David McMahon, James Hough, Frank Cucinotti, Patrick Carrigan, and William J. Lombo* | Patricia Sullivan<br>Edwards & Angell LLP<br>2800 Financial Plaza<br>Providence, RI 02903<br><br>*Attorney for FedEx Ground Package System, Inc.* |

| | |
|---|---|
| R. Christopher Gilreath<br>Gilreath & Associates<br>6256 Poplar Avenue<br>Memphis, TN 38119<br><br>*Attorneys for Arthur Smith, Rachelle<br>Westbrook, Buddy D. Johnson, Robert<br>Erbentraut, Herbert Humphrey, Debbie<br>Lindsey, and John Lindsey* | Joree G. Brownlow<br>Law Offices of Joree G. Brownlow<br>1444 Gillham Drive, Suite 200<br>Bartlett, TN 38134<br><br>*Attorneys for Arthur Smith, Rachelle<br>Westbrook, Buddy D. Johnson, Robert<br>Erbentraut, Herbert Humphrey, Debbie<br>Lindsey, and John Lindsey* |
| Dennis M. Brennan<br>215 West Marion Street<br>South Bend, IN 46601<br><br>*Attorneys for Roger Riewe, David Stacy,<br>Jeffrey Shelton, Harold Bennett, and<br>Rodney Owens* | Andrew K. Light<br>Scopelitis, Garvin, Light & Hanson<br>10 West Market Street<br>Suite 1500<br>Indianapolis, IN 46204<br><br>*Attorneys for FedEx Ground Package<br>System, Inc. and FedEx Home Delivery* |
| Steve D. Larson<br>Stoll Stoll Berne Lokting & Schlachter<br>  P.C.<br>209 S.W. Oak Street, Fifth Floor<br>Portland, Oregon 97204<br><br>*Attorney for Plaintiff Edward Slayman* | Michael J. Watton<br>Watton Law Group<br>225 East Michigan Street<br>Suite 550<br>Milwaukee, WI 53202<br><br>*Attorneys for Plaintiffs Gary Lee Larson,<br>d/b/a Drop N Run, Inc., Dominic R. Lupo,<br>Kevin Woodruff, and Kevin E. Peterson* |
| Gary F. Lynch<br>R. Bruce Carlson<br>Carlson Lynch Ltd.<br>P.O. Box 7635<br>36 N. Jefferson Street<br>New Castle, PA 16107<br><br>*Attorneys for Jeffrey Hart*<br><br>*Attorneys for Clyde E. Woomer* | Hoyt Rowell, III<br>Daniel O. Myers<br>Richardson Patrick Westbrook & Brickman<br>  LLC<br>1037 Chuck Dawley Blvd., Bldg A<br>Mt. Pleasant, SC 29464<br><br>*Attorneys for Jeffrey Hart*<br><br>*Attorneys for Clyde E. Woomer* |

| | |
|---|---|
| Sidney Zonn<br>Littler Mendelson P.C.<br>Pittsburgh Office<br>Dominion Tower<br>625 Liberty Avenue<br>26th Floor<br>Pittsburgh, PA 15222<br><br>*Attorney for FedEx Ground Package System, Inc.* | Philip Stephen Fuoco<br>The Law Firm of Philip Stephen Fuoco<br>24 Wilkins Place<br>Haddonfield, NJ 08033<br><br>*Attorney for Plaintiff Derek D. Willis* |
| Paula R. Markowitz<br>Markowitz & Richman<br>1100 North American Building<br>121 South Broad Street<br>Philadelphia, PA 19107<br><br>*Attorney for Plaintiff Derek D. Willis* | Richard T. Phillips<br>Smith, Phillips, Mitchell & Scott, LLP<br>P.O. Drawer 1586<br>Batesville, MS 38606<br><br>*Attorney for Plaintiffs Theodore Fleming, Jr., and Jeffrey Carter* |
| Alan M. Purdie<br>Gore, Kilpatrick, Purdie, Metz & Adcock<br>402 Legacy Park<br>Ridgeland, MS 39157<br><br>*Attorney for Plaintiffs Theodore Fleming, Jr., and Jeffrey Carter* | James A. Staack<br>Ginger A. DeGroff<br>Staack, Simms & Hernandez, P.A.<br>900 Drew Street, Suite 1<br>Clearwater, FL 33755<br><br>*Attorneys for Plaintiffs Donald E. Carlson, Sheree Harting, Charles House, Stephen Renberg, and Troy Upman*<br><br>*Attorneys for Plaintiffs Thomas Carraher, Jim Kost, and David R. Mosher* |
| Heather Brock<br>Fowler White Boggs Banker<br>501 East Kennedy Boulevard<br>Suite 1700<br>Tampa, FL 33602<br><br>*Attorney for FedEx Ground Package System, Inc.* | Jack L. Hilmes<br>Kevin J. Driscoll<br>Finley, Alt, Smith, Scharnberg, Craig, et. al<br>699 Walnut Street, Suite 1900<br>Des Moines, IA 50309<br><br>*Attorneys for Tim Johnson* |

| | |
|---|---|
| Maureen H. Kanter<br>Von Briesen & Roper<br>411 East Wisconsin Ave., Suite 700<br>Milwaukee, WI 53201<br><br>*Attorney for Darren Zabrocki* | Charles W. Whetstone, Jr.<br>Cheryl F. Perkins<br>Whetstone, Myers, Perkins and Young<br>P.O. Box 8086<br>Columbia, SC 29202<br><br>*Attorneys for Gregory Cooke* |
| Thomas Brunner<br>Alison Fox<br>Baker & Daniels<br>205 West Jefferson Blvd., Suite 250<br>South Bend, IN 46601<br><br>*Attorneys for FedEx Ground Package*<br>*System, Inc.* | Mark B. Wallace<br>Walker, Vaughn & Wallace, PLLC<br>P.O. Box. 9285<br>Louisville, KY 40209<br><br>*Attorney for Charlie Bertram, John*<br>*Coleman, William Cress, Barry Hindman,*<br>*and George Sanders* |

I further certify that on this *19th* day of October, 2005, a true and correct copy of the foregoing Response To The Perry Plaintiffs' Motion To Vacate The Panel's Conditional Transfer Order was served by facsimile on:

Shannon Liss-Riordan
Alfred Gordon
Pyle Rome, Lichten, Ehrenberg, & Liss-Riorden
18 Tremont Street, 5th Floor
Boston, MA 02108
FAX: 617-367-4820

Aparna Joshi
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
(202) 383-5300

EXHIBIT G

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:         [202] 502-2888

http://www.jpml.uscourts.gov

October 12, 2005

NOTICE OF HEARING SESSION

Dear Counsel:

Pursuant to the order of the Judicial Panel on Multidistrict Litigation filed today, you are hereby notified that a hearing session has been scheduled to consider various matters pursuant to 28 U.S.C. § 1407.

DATE OF HEARING SESSION:          November 17, 2005

LOCATION OF HEARING SESSION:     United States Courthouse
Courtroom No. 11A, 11th Floor
515 Rusk Street
Houston, Texas 77208

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.** in order for the Panel to allocate the amount of time for oral argument. Oral argument will commence at **9:30 a.m.**

Please direct your attention to the enclosed Hearing Session Order and Schedule of Matters for Hearing Session for a listing of the matters scheduled for consideration at this hearing session.

- Section A of this Schedule lists the matters designated for oral argument.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001).

For those matters listed on Section A of the Schedule, the enclosed blue "Notice of Presentation or Waiver of Oral Argument" must be returned to this office no later than **October 31, 2005.** Note the procedures governing Panel oral argument which are outlined on the enclosed "Procedures for Oral Argument before the Judicial Panel on Multidistrict Litigation." These procedures are strictly adhered to and your cooperation is appreciated.

Very truly,

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

c: Clerk, U.S. District Court for the Southern District of Texas

**JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED**

**OCTOBER 12, 2005**

MICHAEL J. BECK
CLERK OF THE PANEL

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### HEARING SESSION ORDER

IT IS ORDERED that on November 17, 2005, a hearing session will be held in Houston, Texas, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that at said hearing session the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section A of the attached Schedule shall be designated for oral argument.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section B of the attached Schedule shall be considered without oral argument, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 16.1(b), to issue a subsequent notice designating any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

SCHEDULE OF MATTERS FOR HEARING SESSION
November 17, 2005 -- Houston, Texas

SECTION A
MATTERS DESIGNATED FOR ORAL ARGUMENT

MDL-1721 -- In re Cessna 208 Series Aircraft Products Liability Litigation

    Motion of plaintiff Donald Emmons for centralization of the following actions in the United States District Court for the District of Kansas:

District of Idaho

*Julie Beth Ingram, et al. v. Cessna Aircraft Co., et al.,* C.A. No. 1:05-271

Northern District of Illinois

*Donald Emmons, etc. v. Cessna Aircraft Co., et al.,* C.A. No. 1:04-8024

Northern District of Texas

*John David Morris, et al. v. Cessna Aircraft Co.,* C.A. No. 3:05-15

District of Utah

*Roberta Villanueva, et al. v. Cessna Aircraft Co., et al.,* C.A. No. 1:05-97

Schedule of Matters for Hearing Session, Section A                    p. 2
Houston, Texas

MDL-1723 -- In re KPMG LLP Tax Shelters Investment Litigation

   Motion of plaintiff Edward H. Arnold for centralization of the following actions in the United States District Court for the Southern District of New York:

   District of New Jersey

   *Marvin Simon, et al. v. KPMG, LLP, et al.*, C.A. No. 2:05-3189

   Southern District of New York

   *Roger Heumann, et al. v. KPMG, LLP*, C.A. No. 1:05-6919
   *Edward H. Arnold v. KPMG, LLP, et al.*, C.A. No. 1:05-7349

MDL-1724 -- In re Viagra Products Liability Litigation

   Motion of plaintiffs James Thompson and Arthur Sokol for centralization of the following actions in the United States District Court for the Western District of Louisiana or alternatively the United States District Court for the District of Minnesota or the United States District Court for the Southern District of Florida:

   District of Arizona

   *William Dougherty v. Pfizer, Inc.*, C.A. No. 2:05-1854

   Middle District of Florida

   *David Hall v. Pfizer, Inc.*, C.A. No. 6:05-667

   Southern District of Florida

   *Arthur Sokol v. Pfizer, Inc.*, C.A. No. 9:05-80750

   District of Minnesota

   *Robert Campen v. Pfizer, Inc.*, C.A. No. 0:05-1874

Schedule of Matters for Hearing Session, Section A                    p. 3
Houston, Texas

MDL-1724 (Continued)

### District of New Jersey

*Charles J. Sansone v. Pfizer, Inc.*, C.A. No. 1:04-3548

### Eastern District of North Carolina

*Jimmy Grant v. Pfizer, Inc.*, C.A. No. 4:05-73

### Southern District of Texas

*James Thompson v. Pfizer, Inc.*, C.A. No. 4:05-1985

### MDL-1725 -- In re Delphi Corp. Securities, Derivative & "ERISA" Litigation

Motion of defendants Delphi Corporation, et al., for centralization of the following actions in the United States District Court for the Southern District of New York:

### Southern District of Florida

*Sidney Bernstein v. Delphi Trust I, et al.*, C.A. No. 9:05-80307

### Eastern District of Michigan

*Mary M. Brewer, et al. v. Delphi Corp., et al.*, C.A. No. 2:05-70882
*Steven Kramer, et al. v. Delphi Corp., et al.*, C.A. No. 2:05-70940
*Steven Willis, et al. v. Delphi Corp., et al.*, C.A. No. 2:05-71030
*Neal C. Folck v. Delphi Corp., et al.*, C.A. No. 2:05-71200
*Michael Polito, et al. v. Delphi Corp., et al.*, C.A. No. 2:05-71249
*Chris Glinka v. Delphi Corp., et al.*, C.A. No. 2:05-71291
*Kimberly Chase-Orr v. Delphi Corp., et al.*, C.A. No. 2:05-71339
*Clemie Hunter v. Delphi Corp., et al.*, C.A. No. 2:05-71396
*Edward Hammer v. Delphi Corp., et al.*, C.A. No. 2:05-71397
*Thomas A. Reilly, Jr. v. Delphi Corp., et al.*, C.A. No. 2:05-71398
*Greg Bartell v. Delphi Corp., et al.*, C.A. No. 2:05-71437
*Thomas Kessler, et al. v. Delphi Corp., et al.*, C.A. No. 2:05-71508

Schedule of Matters for Hearing Session, Section A         p. 4
Houston, Texas

MDL-1725 (Continued)

       <u>Eastern District of Michigan</u> (Continued)

     *Larry A. Williams v. Delphi Corp., et al.*, C.A. No. 2:05-71620
     *Daniel Lazor v. Delphi Corp., et al.*, C.A. No. 2:05-71897
     *Carolyn Hunners v. Delphi Corp., et al.*, C.A. No. 2:05-72198
     *Shawn Dangerfield, etc. v. J.T. Battenberg, III, et al.*, C.A. No. 2:05-72550

       <u>Southern District of New York</u>

     *Johnie Cox, et al. v. Delphi Corp., et al.*, C.A. No. 1:05-2637
     *Thomas Morrison v. Delphi Corp., et al.*, C.A. No. 1:05-2656
     *Robert Hillman v. Delphi Corp., et al.*, C.A. No. 1:05-2732
     *Vanessa Jones v. Delphi Corp., et al.*, C.A. No. 1:05-3323
     *Ira Gaines v. Delphi Corp., et al.*, C.A. No. 1:05-3439
     *Frank J. Fosbre, Jr., etc. v. J.T. Battenberg, III, et al.*, C.A. No. 1:05-3490
     *Policemen's Annuity & Benefit Fund of Chicago v. Delphi Corp., et al.*,
       C.A. No. 1:05-4476

<u>MDL-1726 -- In re Medtronic, Inc., Implantable Defibrillators Products Liability Litigation</u>

      Motion of plaintiffs Harold Vantosh, et al., and Raymond F. Manners, et al., for centralization of certain of the following actions in the United States District Court for the Southern District of Florida or, alternatively, the United States District Court for the Eastern District of New York and motion of plaintiffs Peter M. Dudek and United Food & Commercial Workers Union & Employers Midwest Benefits Fund for centralization of certain of the following actions in the United States District Court for the District of Minnesota:

       <u>Eastern District of Arkansas</u>

     *Mike Nichols v. Medtronic, Inc., et al.*, C.A. No. 4:05-681

       <u>Central District of California</u>

     *Chris T. Wilson v. Medtronic, Inc.*, C.A. No. 2:05-3321

Schedule of Matters for Hearing Session, Section A                    p. 5
Houston, Texas

MDL-1726 (Continued)


### District of Connecticut

*Jeffrey Stein v. Medtronic, Inc.*, C.A. No. 3:05-670

### Middle District of Florida

*Earl Baker, et al. v. Medtronic, Inc.*, C.A. No. 3:05-440
*Albert Rose v. Medtronic, Inc.*, C.A. No. 5:05-330
*Jose Jimenez v. Medtronic, Inc.*, C.A. No. 8:05-1088

### Southern District of Florida

*Joyce Ware, et al. v. Medtronic, Inc., et al.*, C.A. No. 0:05-61468
*Louis Blau v. Medtronic, Inc.*, C.A. No. 1:05-22386
*David Downes v. Medtronic, Inc.*, C.A. No. 9:05-80746
*Kathy Higginbotham v. Medtronic, Inc.*, C.A. No. 9:05-80747
*Milton Yolles v. Medtronic, Inc.*, C.A. No. 9:05-80773
*Harold Vantosh, et al. v. Medtronic, Inc.*, C.A. No. 9:05-80782

### Northern District of Illinois

*Marion Preston, et al. v. Medtronic, Inc.*, C.A. No. 1:05-4609

### District of Minnesota

*Peter M. Dudek v. Medtronic, Inc.*, C.A. No. 0:05-1252
*United Food & Commercial Workers Union & Employers Midwest Benefits Fund v.
    Medtronic, Inc.*, C.A. No. 0:05-2074

### Eastern District of New York

*Raymond F. Manners, et al. v. Medtronic, Inc.*, C.A. No. 2:05-1617
*Daniel Tineo v. Medtronic, Inc.*, C.A. No. 2:05-3929

### Western District of North Carolina

*Virgil H. Cook, et al. v. Medtronic, Inc.*, C.A. No. 1:05-247

Schedule of Matters for Hearing Session, Section A                    p. 6
Houston, Texas

MDL-1726 (Continued)

### District of South Carolina

*Kenneth A. Willis, Sr., et al. v. Medtronic, Inc.*, C.A. No. 3:05-2020
*Christopher J. Yahnis v. Medtronic, Inc.*, C.A. No. 4:05-1937
*Marty W. Eldridge, et al. v. Medtronic, Inc.*, C.A. No. 8:05-1882

### Eastern District of Tennessee

*Jeffrey C. Kellar, et al. v. Medtronic, Inc.*, C.A. No. 4:05-42

### Eastern District of Texas

*John Daniel v. Medtronic, Inc.*, C.A. No. 5:05-119

### Southern District of West Virginia

*Dale Riggs v. Medtronic, Inc.*, C.A. No. 3:05-694

### Eastern District of Wisconsin

*Donald Zigman v. Medtronic, Inc.*, C.A. No. 2:05-617

## MDL-1727 -- In re COBRA Tax Shelters Litigation

Motion of defendant United States of America for centralization of the following actions
in the United States District Court for the Southern District of Indiana:

### Southern District of Indiana

*Carmel Partners, et al. v. United States of America*, C.A. No. 1:04-1661

### Western District of Texas

*Gary Woods, etc. v. United States of America*, C.A. No. 5:05-216
*Gary Woods, etc. v. United States of America*, C.A. No. 5:05-217

Schedule of Matters for Hearing Session, Section A                              p. 7
Houston, Texas


MDL-1728 -- In re Grand Theft Auto Video Game Consumer Litigation

   Motion of plaintiffs Florence Cohen, Robert Samario, and Susan Carlson for
centralization of the following actions in the United States District Court for the Southern
District of New York:


   Southern District of New York

   *In re Grand Theft Auto Video Game Consumer Litigation*, C.A. No. 1:05-6734
   *Robert Samario v. Take-Two Interactive Software, Inc., et al.*, C.A. No. 1:05-6767
   *Susan Carlson v. Take-Two Interactive Software, Inc., et al.*, C.A. No. 1:05-6907

   Eastern District of Pennsylvania

   *Cindy Casey v. Take-Two Interactive Software, Inc., et al.*, C.A. No. 2:05-4268


MDL-1729 -- In re Annuity Marketing and Sales Practices Litigation

   Motion of plaintiffs Edward A. Inferrera, et al.; Bernard McCormack; Vida F. Negrete,
etc.; and Marie N. Sweeney for centralization of the following actions in a single United States
district court in California:


   Central District of California

   *Edward A. Inferrera, et al. v. AmerUs Life Insurance Co., et al.*, C.A. No. 2:05-2617
   *Bernard McCormack v. American Equity Investment Life Insurance Co., et al.*,
        C.A. No. 2:05-6735
   *Vida F. Negrete, etc. v. Fidelity & Guaranty Life Insurance Co.*, C.A. No. 2:05-6837
   *Vida F. Negrete, etc. v. Allianz Life Insurance Co. of North America*, C.A. No. 2:05-6838

   Southern District of California

   *Anthony J. Iorio, et al. v. Asset Marketing Systems, Inc., et al.*, C.A. No. 3:05-633
   *Marie N. Sweeney v. National Western Life Insurance Co.*, C.A. No. 3:05-1018

   Middle District of Florida

   *Evelyn Edwards v. AmerUs Group Co., et al.*, C.A. No. 8:05-1590

Schedule of Matters for Hearing Session, Section A                    p. 8
Houston, Texas


MDL-1729 (Continued)

### District of Hawaii

*Leatrice C. Yokoyama, et al. v. Midland National Life Insurance Co.*, C.A. No. 1:05-303

### District of Kansas

*Glen Studley, et al. v. American Investor Life Insurance Co., Inc.*, C.A. No. 5:05-4051

### Eastern District of Pennsylvania

*Walter B. Gilmour, et al. v. Barry O. Bohmueller, et al.*, C.A. No. 2:04-2535
*Beryl Price, et al. v. AmerUs Group Co., et al.*, C.A. No. 2:04-3329
*George J. Miller v. AmerUs Group Co., et al.*, C.A. No. 2:04-3799
*Harcourt N. Trimble, III, etc. v. Brett B. Weinstein, et al.*, C.A. No. 2:05-2101
*Richard Stein, et al. v. AmerUs Group Co., et al.*, C.A. No. 2:05-2391


### MDL-1730 -- In re Hypodermic Products Antitrust Litigation

Motion of defendant Becton Dickinson & Company for centralization of the following actions in a single United States district court:


### District of New Jersey

*Louisiana Wholesale Drug Co., Inc., et al. v. Becton Dickinson & Co.*,
   C.A. No. 2:05-1602
*Dik Drug Co. v. Becton Dickinson & Co.*, C.A. No. 2:05-4465

### Eastern District of Pennsylvania

*SAJ Distributors, Inc. v. Becton Dickinson & Co.*, C.A. No. 2:05-4763

### Eastern District of Tennessee

*Jabo's Pharmacy, Inc. v. Becton Dickinson & Co.*, C.A. No. 2:05-162

Schedule of Matters for Hearing Session, Section B                    p. 9.
Houston, Texas

# SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

Oppositions of plaintiffs and defendants Certainteed Corporation and General Electric Company to transfer of their respective following actions to the United States District Court for the Eastern District of Pennsylvania:

### Southern District of Mississippi

*Charles Bunnell v. Metropolitan Life Insurance Co., et al.*, C.A. No. 1:05-328
*Jerry A. Harrell v. Minnesota Mining & Manufacturing Co., et al.*, C.A. No. 1:05-341
*Estate of Clyde Lang v. Abex Corp., et al.*, C.A. No. 1:05-344
*Eddie Gilmore v. Abex Corp., et al.*, C.A. No. 1:05-345
*Hunter C. Martin v. Abex Corp., et al.*, C.A. No. 1:05-346
*Walter Lee Stokes v. Abex Corp., et al.*, C.A. No. 1:05-347

### Southern District of New York

*Peter J. Funk, et al. v. General Electric Co., et al.*, C.A. No. 1:05-5730

### Western District of Pennsylvania

*Dolores M. Neth, etc. v. Anchor Packing Co., et al.*, C.A. No. 2:05-1062

### Eastern District of Virginia

*Harriett C. King v. Northrop Grumman Systems Corp., et al.*, C.A. No. 4:05-2951

Schedule of Matters for Hearing Session, Section B                    p. 10
Houston, Texas


MDL-875 (Continued)


Opposition of defendant Union Pacific Railroad Company to remand, under 28 U.S.C. § 1407(a), of certain claims in the following action to the United States District Court for the Southern District of Texas:


Eastern District of Pennsylvania

*Felix T. Ramirez, et al. v. Union Pacific Railroad Co.* (S.D. Texas, C.A. No. 3:98-630)


MDL-1358 -- In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

Oppositions of plaintiffs Carl G. Morgan, et al., and Anthony Sanguino, et al., to transfer of their respective following actions to the United States District Court for the Southern District of New York:


District of Maryland

*Carl G. Morgan, et al. v. ExxonMobil Corp.*, C.A. No. 1:05-108

District of New Jersey

*Anthony Sanguino, et al. v. Bain's Automotive, Inc., et al.*, C.A. No. 2:05-3743


MDL-1405 -- In re California Wholesale Electricity Antitrust Litigation

Motion of defendant Deseret Generation & Transmission Cooperative for transfer of the following action to the United States District Court for the Southern District of California:


Central District of California

*City of Anaheim v. Deseret Generation & Transmission Cooperative*, C.A. No. 8:05-298

Schedule of Matters for Hearing Session, Section B                    p. 11
Houston, Texas

MDL-1456 -- In re Pharmaceutical Industry Average Wholesale Price Litigation

Oppositions of plaintiffs The People of the State of Illinois; Commonwealth of Kentucky, etc.; State of Minnesota, etc.; The People of the State of New York, etc.; and State of Wisconsin to transfer of their respective following actions to the United States District Court for the District of Massachusetts:

Northern District of Illinois

*The People of the State of Illinois v. Alpharma, Inc., et al.,* C.A. No. 1:05-4056

Eastern District of Kentucky

*Commonwealth of Kentucky, etc. v. Alpharma, Inc., et al.,* C.A. No. 3:05-47
*Commonwealth of Kentucky, etc. v. Abbott Laboratories, Inc.,* C.A. No. 3:05-48
*Commonwealth of Kentucky v. Warrick Pharmaceuticals Corp., et al.,* C.A. No. 3:05-49

District of Minnesota

*State of Minnesota, etc. v. Pharmacia Corp.,* C.A. No. 0:05-1394

Northern District of New York

*People of the State of New York, etc. v. Pharmacia Corp.,* C.A. No. 1:05-872
*The People of the State of New York, etc. v. Aventis Phamaceuticals, Inc.,*
    C.A. No. 1:05-873
*The People of the State of New York, etc. v. GlaxoSmithkline, PLC, et al.,*
    C.A. No. 1:05-874

Western District of Wisconsin

*State of Wisconsin v. Abbott Laboratories, et al.,* C.A. No. 3:05-408

Schedule of Matters for Hearing Session, Section B                    p. 12
Houston, Texas

MDL-1457 -- In re Allstate Insurance Co. Underwriting and Rating Practices Litigation

Opposition of plaintiff Adela A. Guerra to transfer of the following action to the United States District Court for the Middle District of Tennessee:

Eastern District of Louisiana

*Adela A. Guerra v. Trans Union LLC*, C.A. No. 2:05-1820

MDL-1487 -- In re WorldCom, Inc., Securities & "ERISA" Litigation

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Southern District of New York:

Middle District of Florida

*Gary Click, et al. v. Citigroup, Inc., et al.*, C.A. No. 2:05-397
*Hugh Alford, et al. v. Citigroup, Inc., et al.*, C.A. No. 5:05-359

Middle District of Georgia

*Billy Johnson, et al. v. Citigroup, Inc., et al.*, C.A. No. 5:05-252
*Glen Bloemker, et al. v. Citigroup, Inc., et al.*, C.A. No. 5:05-306

Northern District of Georgia

*James Allen, et al. v. Citigroup, Inc., et al.*, C.A. No. 1:05-1951
*Richard Anderson, et al. v. Citigroup, Inc., et al.*, C.A. No. 1:05-1957
*Samuel Ferrell, et al. v. Citigroup, Inc., et al.*, C.A. No. 1:05-2082

Southern District of Georgia

*Billy C. Bedsole, et al. v. Citigroup, Inc., et al.*, C.A. No. 1:05-112
*Charles B. Lax, et al. v. Citigroup, Inc., et al.*, C.A. No. 4:05-131

Schedule of Matters for Hearing Session, Section B                p. 13
Houston, Texas

MDL-1487 (Continued)

### Southern District of Mississippi

*MCI, Inc. v. Arthur Andersen, LLP, et al.*, C.A. No. 3:05-436
*Janice Kemp, etc. v. Bernard J. Ebbers, et al.*, C.A. No. 3:05-488
*Mark C. Escude v. Bernard J. Ebbers, et al.*, C.A. No. 3:05-491

### MDL-1507 -- In re Prempro Products Liability Litigation

Oppositions of plaintiffs Barbara D. Graham; Antonia Fenner, et al.; and Stephanie Toler, et al., to transfer of their respective following actions to the United States District Court for the Eastern District of Arkansas:

#### Middle District of Alabama

*Barbara D. Graham v. Wyeth, et al.*, C.A. No. 2:05-624

#### Eastern District of Missouri

*Antonia Fenner, et al. v. Wyeth, et al.*, C.A. No. 4:05-1101

#### Southern District of West Virginia

*Stephanie Toler, et al. v. Wyeth, et al.*, C.A. No. 2:05-547

### MDL-1513 -- In re Wireless Telephone Services Antitrust Litigation

Opposition of plaintiff Michael T. Maloney to transfer of the following action to the United States District Court for the Southern District of New York:

#### District of South Carolina

*Michael T. Maloney v. Sprint Corp., et al.*, C.A. No. 1:05-1994

Schedule of Matters for Hearing Session, Section B                     p. 14
Houston, Texas

MDL-1535 -- In re Welding Fume Products Liability Litigation

     Opposition of plaintiff Wallace Reed Bullard to transfer of the following action to the
United States District Court for the Northern District of Ohio:

        Eastern District of Texas

     *Wallace Reed Bullard v. Airco, Inc., et al.*, C.A. No. 2:05-307

MDL-1551 -- In re Reciprocal of America (ROA) Sales Practices Litigation

     Opposition of plaintiff Charles Michael Howe, M.D., to transfer of the following action
to the United States District Court for the Western District of Tennessee:

        Northern District of Alabama

     *Charles Michael Howe, M.D. v. The Jackson County Healthcare Authority, et al.*,
      C.A. No. 5:05-1315

MDL-1553 -- In re Silica Products Liability Litigation

     Opposition of plaintiffs Harold D. Lindgren and Kenneth West to transfer of their
respective following actions to the United States District Court for the Southern District of
Texas:

        Southern District of Mississippi

     *Harold D. Lindgren v. 3M Co., et al.*, C.A. No. 1:05-386
     *Kenneth West v. 3M Co., et al.*, C.A. No. 5:05-149

Schedule of Matters for Hearing Session, Section B                    p. 15
Houston, Texas


MDL-1566 -- In re Western States Wholesale Natural Gas Antitrust Litigation

Opposition of plaintiff Sinclair Oil Corporation to transfer of the following action to the United States District Court for the District of Nevada:

District of Wyoming

*Sinclair Oil Corp. v. El Paso Marketing, LP*, C.A. No. 1:05-155


MDL-1578 -- In re UICI "Association-Group" Insurance Litigation

Opposition of plaintiff Edward E. Litwak to transfer of the following action to the United States District Court for the Northern District of Texas:

Southern District of California

*Edward E. Litwak v. UICI, et al.*, C.A. No. 3:05-1427


MDL-1604 -- In re Ocwen Federal Bank FSB Mortgage Servicing Litigation

Oppositions of plaintiffs Joe Jordan, et al., and Anatoly Pritsker to transfer of their respective following actions to the United States District Court for the Northern District of Illinois:

Northern District of Alabama

*Joe Jordan, et al. v. Ocwen Federal Bank, FSB, et al.*, C.A. No. 7:05-1588

District of Maryland

*Anatoly Pritsker v. Ocwen Financial Services, Inc., et al.*, C.A. No. 1:05-1832

Schedule of Matters for Hearing Session, Section B                    p. 16
Houston, Texas


MDL-1610 -- In re Conseco Life Insurance Co. Cost of Insurance Litigation

    Opposition of plaintiff William J. Harte to transfer of the following action to the United States District Court for the Central District of California:

    Northern District of Illinois

    *William J. Harte v. Conseco Life Insurance Co.*, C.A. No. 1:05-4142


MDL-1629 -- In re Neurontin Marketing, Sales Practices and Products Liability Litigation

    Opposition of plaintiffs Joan Craft, et al., to transfer of the following action to the United States District Court for the District of Massachusetts:

    Middle District of Florida

    *Joan Craft, et al. v. Pfizer, Inc., et al.*, C.A. No. 2:05-310


MDL-1657 -- In re Vioxx Products Liability Litigation

    Oppositions of plaintiffs and defendant Juan Marcos Garcia, M.D., to transfer of their respective following actions to the United States District Court for the Eastern District of Louisiana:

    Southern District of Alabama

    *Marguerite Woods v. Merck & Co., Inc., et al.*, C.A. No. 2:05-425

    Middle District of Florida

    *Barbara Fowler-Browning, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-586

Schedule of Matters for Hearing Session, Section B                    p. 17
Houston, Texas


MDL-1657 (Continued)


### Northern District of Illinois

*James Zafiratos v. Merck & Co., Inc., et al.*, C.A. No. 1:05-3784
*Norbert Cipowski, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:05-4103

### Southern District of Illinois

*Stanley Hayes v. Merck & Co., Inc., et al.*, C.A. No. 3:05-450
*Myrtle Bohannon v. Merck & Co., Inc., et al.*, C.A. No. 3:05-527
*John G. Smith, Jr. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-529
*Clara Kirkendall v. Merck & Co., Inc., et al.*, C.A. No. 3:05-562
*Mary Hardin v. Merck & Co., Inc., et al.*, C.A. No. 3:05-563

### Western District of Kentucky

*Lois Hammond, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-351

### Eastern District of Missouri

*Harriet Aldridge, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-847
*Mona Swint, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-879
*Sam Fife, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-880
*Vanita Copeland, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-881

### District of Nevada

*Duane Allen Carlson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-599
*Nina Baker, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-625
*Daniel Morrison, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-627
*Sharon Himmel, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-334
*Sean Regan, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-336

### Western District of New York

*Lynn Krieger v. Merck & Co., Inc., et al.*, C.A. No. 6:05-6338

Schedule of Matters for Hearing Session, Section B                     p. 18
Houston, Texas

MDL-1657 (Continued)

### District of Oregon

*Wayne S. Harger v. Merck & Co., Inc., et al.*, C.A. No. 6:05-6184

### Eastern District of Tennessee

*Louise Denton v. Merck & Co., Inc.*, C.A. No. 2:05-170

### Southern District of Texas

*Jackie Roberts, etc. v. Juan Marcos Garcia, M.D., et al.*, C.A. No. 1:05-210

MDL-1663 -- In re Insurance Brokerage Antitrust Litigation

Oppositions of plaintiffs Emerson Electric Company and Slay Industries, et al., and defendant Navigators Insurance Services of Texas, Inc., to transfer of their respective following actions to the United States District Court for the District of New Jersey:

### Western District of Louisiana

*Cameron Offshore Boats, Inc. v. Marsh USA, Inc., et al.*, C.A. No. 2:05-608

### Eastern District of Missouri

*Emerson Electric Co. v. Marsh USA, Inc., et al.*, C.A. No. 4:05-455
*Slay Industries. et al. v. Marsh & McLennan Companies, Inc., et al.*, C.A. No. 4:05-964

Schedule of Matters for Hearing Session, Section B                              p. 19
Houston, Texas


MDL-1674 -- In re Community Bank of Northern Virginia Mortgage Lending Practices
              Litigation

    Opposition of plaintiffs Stephanie Spann, et al., to transfer of the following action to the
United States District Court for the Western District of Pennsylvania:


        Northern District of Illinois

       *Stephanie Spann, et al. v. Community Bank of Northern Virginia, et al.,*
        C.A. No. 1:03-7022


MDL-1700 -- In re FedEx Ground Package System, Inc., Employment Practices Litigation
              (No. II)

    Opposition of plaintiffs Ronald Perry, et al., to transfer of the following action to the
United States District Court for the Northern District of Indiana:


        District of Massachusetts

     *Ronald Perry, et al. v. FedEx Ground Package System, Inc.,* C.A. No. 1:05-10976


MDL-1702 -- In re Air Crash Near Kirksville, Missouri, on October 19, 2004

    Oppositions of plaintiffs Dodi Meyer Miller, etc., and Russ Bonham, et al., to transfer of
their respective following actions to the United States District Court for the Eastern District of
Missouri:


        Southern District of New York

    *Dodi Meyer Miller, etc. v. American Airlines, Inc., et al.,* C.A. No. 1:05-7637

        Northern District of Texas

    *Russ Bonham, et al. v. AMR Corp., et al.,* C.A. No. 3:05-1458

<u>RULE 16.1:</u>    <u>HEARING SESSIONS AND ORAL ARGUMENT</u>

(a)    Hearing sessions of the Panel for the presentation of oral argument and consideration of matters taken under submission without oral argument shall be held as ordered by the Panel. The Panel shall convene whenever and wherever desirable or necessary in the judgment of the Chairman. The Chairman shall determine which matters shall be considered at each hearing session and the Clerk of the Panel shall give notice to counsel for all parties involved in the litigation to be so considered of the time, place and subject matter of such hearing session.

(b)    Each party filing a motion or a response to a motion or order of the Panel under Rules 7.2, 7.3, 7.4 or 7.6 of these Rules may file simultaneously therewith a separate statement limited to one page setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard," and shall be filed and served in conformity with Rules 5.12 and 5.2 of these Rules.

(c)    No transfer or remand determination regarding any action pending in the district court shall be made by the Panel when any party timely opposes such transfer or remand unless a hearing session has been held for the presentation of oral argument except that the Panel may dispense with oral argument if it determines that:

(i)    the dispositive issue(s) have been authoritatively decided; or
(ii)    the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

Unless otherwise ordered by the Panel, all other matters before the Panel, such as a motion for reconsideration, shall be considered and determined upon the basis of the papers filed.

(d)    In those matters in which oral argument is not scheduled by the Panel, counsel shall be promptly advised. If oral argument is scheduled in a matter the Clerk of the Panel may require counsel for all parties who wish to make or to waive oral argument to file and serve notice to that effect within a stated time in conformity with Rules 5.12 and 5.2 of these Rules. Failure to do so shall be deemed a waiver of oral argument by that party. If oral argument is scheduled but not attended by a party, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision by the Panel on the basis of the papers filed.

(e)    Except for leave of the Panel on a showing of good cause, only those parties to actions scheduled for oral argument who have filed a motion or written response to a motion or order shall be permitted to appear before the Panel and present oral argument.

(f)    Counsel for those supporting transfer or remand under Section 1407 and counsel for those opposing such transfer or remand are to confer separately prior to the oral argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication.

(g)    Unless otherwise ordered by the Panel, a maximum of twenty minutes shall be allotted for oral argument in each matter. The time shall be divided equally among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.

- 2 -

    (h)     So far as practicable and consistent with the purposes of Section 1407, the offering of oral testimony before the Panel shall be avoided.  Accordingly, oral testimony shall not be received except upon notice, motion and order of the Panel expressly providing for it.

    (i)     After an action or group of actions has been set for a hearing session, consideration of such action(s) may be continued only by order of the Panel on good cause shown.