**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| RONALD PERRY, JEAN CAPOBIANCO, and RICHARD SYREK, <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC., and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **Civil Action No. 05-10976** |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE SCHEDULING CONFERENCE

Defendants FedEx Ground Package System, Inc., and FedEx Ground Package System, Inc., d/b/a FedEx Home Delivery ("FedEx"), recently submitted a motion to continue the scheduling conference in this case, currently scheduled for November 14, 2005, because of a pending issue as to whether this case should be consolidated with a number of class actions against FedEx alleging that the company misclassified its drivers as independent contractors, which have been consolidated by the Judicial Panel on Multidistrict Litigation in the Northern District of Indiana (the "MDL class actions"). Plaintiffs Ronald Perry, Jean Capobianco, and Richard Syrek oppose Defendants' motion to continue the scheduling conference because proceeding with the scheduling conference will

not prejudice any party, and the MDL proceedings are not intended to and should not cause delay in actions before this or any other court.

Moreover, although FedEx claims, in its motion, that this case is "related" to the MDL class actions, Plaintiffs contend that the MDL cases are only similar to the instant action in that they share common defendants and one factual issue, i.e., whether the plaintiffs should be considered employees or independent contractors. However, the MDL class actions involve thousands of plaintiffs from many states and are largely based on the allegation that FedEx misclassified its drivers as independent contractors, while this case is brought by three individual plaintiffs and involves solely claims for breach of contract and wrongful termination, which do not require resolution of the independent contractor question.[1]

Whether or not the plaintiffs' motion to vacate the conditional transfer order is granted, holding the scheduling conference as scheduled will not prejudice any party, while granting FedEx's motion to continue would only cause undue delay. Consolidated MDL proceedings are for pre-trial matters only, and each case is remanded to its original court before trial. See Lexecon, Inc. v. Milberg Weiss Bershad Hynes and Lerach, 523 U.S. 26 (1998). One of the main goals of MDL consolidation is to facilitate the expeditious resolution of the various matters, not to cause delay.

In its transfer order consolidating the MDL class actions (attached to Defendants' Motion to Continue as Exhibit B), the MDL Panel stated that

---

[1] Furthermore, Plaintiffs contend that Massachusetts' independent contractor statute, Mass. Gen. L. c. 149 § 148B, which would merely dictate whether the discrimination claims are actionable under Mass. Gen. L. c. 151B or Mass. Gen. L. c. 93 103, differs substantially from other states'

2

consolidation would lead "to the just and expeditious resolution of all actions," and that as soon as remand is appropriate, "procedures are available whereby this may be accomplished with a minimum of delay." Transfer Order, p. 2.  Chief Judge Robert L. Miller Jr., the judge presiding over the MDL class actions, in his August 30, 2005, Practice and Procedure Order Upon Transfer Under 28 U.S.C. § 1407, clearly contemplated that many of the consolidated cases would have already completed various pre-trial matters and initiated discovery prior to their transfer, as he set forth procedures for pre-transfer protective orders.  See Practice and Procedure Order, Docket No. 05-MD-527-RM (MDL-1700) (N.D. Ind., Aug. 30, 2005).

This case has not been transferred, and unless and until it is, the goal of the parties, this Court, and the MDL Panel should be to proceed expeditiously toward resolution of the issues rather than to refrain from engaging in anything – even a simple scheduling conference – until the MDL Panel has decided what to do.  If the MDL Panel ultimately decides to consolidate the instant matter with the MDL class actions, the fact that the parties have met and agreed on a schedule for discovery and pre-trial motions (which will be of an entirely different nature from those in the MDL proceedings) will not prejudice any party.  Indeed, the fact that this case faces the possibility of being consolidated with the MDL class actions, which could be bogged down with motions for class certification or any of the other time-consuming issues related to large class actions, provides all the more reason to avoid delay in this matter while it is still in this forum.

---

and federal treatment of the independent contractor issue, and thus merits the attention of a court located in Massachusetts.

        Respectfully submitted,

        RONALD PERRY, JEAN CAPOBIANCO, AND RICHARD SYREK,
        By their attorneys,


        _s/Shannon Liss-Riordan_____
        Shannon Liss-Riordan, BBO #640716
        Stephen Young, BBO #662914
        PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.
        18 Tremont Street, Ste. 500
        Boston, MA 02108

Dated: November 9, 2005        (617) 367-7200