JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 2 2005

FILED
CLERK'S OFFICE

DOCKET NO. 1700

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION (NO. II)

    *Ronald Perry, et al. v. FedEx Ground Package System, Inc.*, D. Massachusetts,
        C.A. No. 1:05-10976

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

TRANSFER ORDER

    Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in this District of Massachusetts action (*Perry*). These plaintiffs seek to vacate the Panel's order conditionally transferring their action to the Northern District of Indiana for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Defendant FedEx Ground Package System, Inc. (FedEx Ground) opposes the motion and urges inclusion of the action in the MDL-1700 proceedings.

    On the basis of the papers filed and hearing session held, the Panel finds that this action involves common questions of fact with the actions in this litigation previously transferred to the Northern District of Indiana, and that transfer of this action to the Northern District of Indiana for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of this action is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Northern District of Indiana was a proper Section 1407 forum for actions involving allegations that, at some level, share factual questions arising from the classification of certain package delivery drivers as independent contractors rather than employees. *See In re FedEx Ground Package System, Inc., Employment Practices Litigation (No. II)*, 381 F.Supp.2d 1380 (J.P.M.L. 2005).

    Plaintiffs argue, inter alia, that unique questions of fact predominate over any common questions of fact between their action and the MDL-1700 actions in the transferee district. We are unpersuaded by this argument. The Panel has already transferred to the MDL-1700 proceedings actions, like the

---

[*] Judge Miller took no part in the decision of this matter.

- 2 -

present action, with state law claims arising from alleged discriminatory practices by FedEx Ground. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that claims in the *Perry* complaint can be remanded in advance of other claims in the transferee district. But we are unwilling, on the basis of the record before us, to make a determination at this time that the degree of interconnection between the claims in *Perry* and the claims pending in the transferee district is so small as to warrant exclusion of *Perry* from Section 1407 proceedings from the outset. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of Indiana and, with the consent of that court, assigned to the Honorable Robert L. Miller, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman